FINLEY, et al, vs ABNER.

Opinion delivered September 25, 1902.

1. *Indian Lands—Descent and Distribution.*

Lands, in Indian Territory, allotted in severalty under provisions of Act of Congress February 8, 1887, and under Act of Congress March 2, 1889, relating particularly to the lands of Peorias and Miamis, are governed as to descent and distribution of an intestates estate by the statutes of the State of Kansas upon that subject. An Indian child owning certain land, died intestate leaving no surviving husband nor descendants. Her parents were both dead, the mother having died first and the father, before his death, having re-married and left a child, the intestate's half-brother; then married a third time. The land is claimed by the brother of the intestate's mother, and by the intestate's half-brother and by the husband of the third wife of intestate's father. *Held,* that the title to the land descended to the half-brother.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by George W. Finley and others against Joseph Abner, defendant, and John Spicer, intervener. Judgment for defendant. Plaintiffs and intervener appeal. Affirmed.

On August 7, 1901, the plaintiffs below, George W. Finley and Alfred F. Barnes for themselves, and Estella Staton, Mabel Staton, and Claudie Staton, minors, by their guardian, George W. Finley, and appellants here, filed their complaint in equity against Joseph Abner, defendant below and appellee here, and sued to recover an undivided one-half interest in cer-

tain lands described in said complaint, or, in the event a division cannot be had, for an appraisement and sale of the same, and a division of the proceeds. On October 28, 1901, interplea of John Spicer allowed to be filed, and on January 22, 1902, said interplea was filed, and on January 23, 1902, the answer of defendant was filed; and on the same day the defendant's answer to intervener's petition was filed, and on the same day an agreed statement of facts was filed, which presents fully the facts involved in this controversy. It is as follows:

"Agreed Statement of Facts. George W. Finley et al., Plaintiffs, vs Joseph Abner, Defendant. It is hereby stipulated and agreed by and between the above-named plaintiffs, George W. Finley, Alfred F. Barnes and Estella, Mabel, and Claudie Staton, minors, by their guardian, George W. Finley, and the defendant, Joseph Abner, and the intervener, John Spicer, that the statement of facts hereinafter set forth shall be used as evidence upon the trial of the above-entitled cause; it being expressly stipulated and agreed by and between all of the said parties that said statement of facts are admitted to be true, and are as follows, to wit: That the lands described in plaintiffs' complaint were allotted and patented to the said Edith Abner, deceased, as a member of the confederated tribe of Wea, Peoria, Kaskaskia, and Piankeshaw Indians of the Quapaw agency, Indian Territory, under and by virtue of the act of congress approved February 8, 1887, entitled 'An act to provide for the allotment of lands in severalty to Indians on the various reservations, and to extend the protection of the laws of the United States and the territories over the Indians and for other purposes,' as amended by an act of congress approved March 2, 1889, entitled 'An act to provide for the allotment of land in severalty to the United Peorias and Miamis in the Indian Territory, and for other purposes.' Second. That the said Edith Abner died intestate, unmarried and without issue, on the ——— day of April, A. D., 1890, and that both her

father and her mother died prior to the date of her death, the father surviving the mother. Third. that the said Edith Abner was the child of Al-lo-ko-kon-gah and Dennison W. Abner, both of whom were Indians by blood, and members of the Confederated Peoria, etc., tribe of Indians. Fourth. That after the death of the said Al-lo-ko-kon-gah, the first wife of the said Dennison W. Abner, and the mother of Edith Abner, deceased, the said Dennison W. Abner was intermarried with another woman, whose name is unknown, and as issue of said marriage there was born the defendant herein, Joseph Abner. Fifth. That after the death of his second wife, the mother of the defendant Joseph Abner, the said Dennison W. Abner married a third wife, Caroline Cotter, and of which marriage there was no issue born. Sixth. That the said Dennison W. Abner died intestate on or about the ——— day of ———, A. D. 1875, leaving surviving him Edith Abner, the issue of the first marriage, Joseph Abner, the defendant, the issue of the second marriage, and Caroline Cotter Abner, his third wife. Seventh. That on the ——— day of ———, 18——, after the death of the said Dennison W. Abner, his surviving wife, Caroline Cotter Abner was married to the intervener, John Spicer, herein, and afterwards and subsequent to the death of the said Edith Abner she departed this life, leaving said intervener as her sole and only heir, there having been no children born of either marriage. Eighth. That the plaintiff, George W. Finley, is a brother of the whole blood of Al-lo-ko-kon-gah, the mother of Edith Abner, deceased, and that the plaintiff Alfred F. Barnes is the surviving husband of Elizabeth Staton Finley Barnes, and that the minor plaintiffs, Estella Staton, Mabel Staton, and Claudie Staton, are the children of the said Elizabeth Barnes, the issue of her first marriage with ——— Staton, and that the said Elizabeth Barnes, deceased, departed this life on or about the ——— day of March, A. D. 1899, leaving as her sole and only surviving heirs said plaintiff, Alfred F. Barnes, her husband, and her minor

children.    Estella Staton, Mabel Staton, and Claudie Staton;
also that the said Elizabeth Barnes, deceased, was a sister of
the whole blood of the plaintiff, George W. Finley, and of Al-lo-
ko-kon-gah, deceased, the mother of the said Edith Abner,
deceased.    Ninth.    That the said plaintiffs are the next and
nearest of kin to the said Edith Abner on her mother's side, her
mother and grandparents all having died prior to the date of
her death.    Tenth.    It is further stipulated and agreed by and
between said plaintiffs and defendant, that, in the event the
plaintiffs are adjudged to be the owners of an undivided one-half
interest in and to the land described in the complaint, that their
damages may be assessed at the sum of two hundred fifty ($250)
dollars, to be divided two-thirds to the plaintiffs and one-third to
the intervener in the event the said intervener be adjudged the
owner of the interest claimed by him; and in the event that the
intervener recovers, and the plaintiffs do not, then the said
intervener's damages may be assessed at the sum of eighty-three
($83) dollars; all of said damages to be assessed in the event of
recovery against the defendant Joseph Abner.    It is further
stipulated and agreed by and between said parties plaintiff,
defendant and intervener that the above and foregoing state-
ment of facts shall be used as evidence, and is all of the evidence
introduced by either or all parties in the trial of the  above
entitled cause, and that said cause is hereby submitted to the
court, and that all parties hereto expressly waive trial by jury.
(Signed).    George W. Finley, Alfred F. Barnes, Estella, Mabel,
and Claudie Staton, by S. C. Fullerton, Their Attorney.    John
Spicer, by John A. Pope and H. H. McCluer, His Attorneys.
Joseph Abner, by D. W. Talbot, Attorney."

On January 24, 1902, the court submitted his findings and
judgment as follows:

"Now, on this 24th day of January, A. D. 1902, the same
being a day of the regular January, 1902, term of this honorable

court, the plaintiffs, George W. Finley, Alfred F. Barnes, and Estella Staton, Mabel Staton, and Claudie Staton, minors, suing by their guardian, George W. Finley, came by their attorney, S. C. Fullerton, Esq., and the defendant, Joseph Abner, came by his attorney, D. W. Talbot, Esq., and the intervener, John Spicer, came by his attorney, John A. Pope, Esq., and this cause coming on for hearing and final determination upon plaintiff's complaint, defendant's answer, the petition of the intervener, and the agreed statement of facts heretofore filed, and upon which said cause was submitted to the court, the court, being well and sufficiently advised in the premises, doth find the issues for the defendant, and against the plaintiffs and the intervener. The court further finds that the intestate, Edith Abner, obtained the land in controversy under and by virtue of a patent issued from the United States to her as a member of the Confederated Wea, Peoria, Kaskaskia, and Piankeshaw tribe of Indians, and that the said intestate died in the year 1890, unmarried and without issue, and that both of her parents died prior thereto, the father surviving the mother. The court further finds that the said intestate, Edith Abner, was a daughter of Dennison W. Abner and Al-lo-ko-kon-gah, who were both members of said tribe of Indians by blood, and that the plaintiff George W. Finley is a brother of the whole blood of the mother of Edith Abner, deceased, and that the plaintiff Alfred F. Barnes is the surviving husband of Elizabeth Barnes, deceased, who was also a sister of the whole blood of the plaintiff George W. Finley and of the mother of the intestate, and that the plaintiffs Estella Staton, Mable Staton, and Claudie Staton, minors, are children of the said Elizabeth Barnes, deceased, the issue of a former marriage. The court further finds that the father of the intestate, Dennison W. Abner, survived his first wife, Al-lo-ko-kon-gah, the mother of said intestate, and left surviving him Edith Abner, the intestate, the issue of his first marriage, and Joseph Abner, the defendant, the issue of a subsequent marriage, and his third wife, Caroline Cotter

Abner, and that Al-lo-ko-kon-gah left no descendants excepting the intestate, Edith Abner. The court further finds that the intervener, John Spicer, is the surviving husband of Caroline Abner, deceased, widow of Dennison W. Abner, the father of the intestate, and that the said Caroline Cotter Abner, after the death of her said husband, Dennison W. Abner, intermarried with said intervener, John Spicer, and afterwards, and subsequent to the death of the intestate, Edith Abner, she died intestate and without issue, leaving her said husband John Spicer surviving. The court doth further find that the land in controversy, the same being the land of which the said Edith Abner died seised, upon her death descended and vested in the defendant Joseph Abner, a brother of the half-blood, the issue of a common father, Dennison W. Abner, deceased both of her said parents having died prior to the date of her death,—her mother without issue other than said intestate, and the father without issue other than said intestate,—and the defendant herein, Joseph Abner, and that the said Joseph Abner is the sole and only surviving heir at law of the said Edith Abner, deceased, and as such is the absolute owner of the land in controversy, and was such owner at the commencement of this action. To which finding of the court the plaintiffs and the intervener then and there duly excepted, and asked that their exceptions be noted of record, which is now done accordingly. Whereupon it it is by the court considered, ordered, and decreed that the said plaintiffs, George W. Finley, Alfred E, Barnes, and Estella Staton, Mabel Staton, and Claudie Staton, and the intervener, John Spicer, take nothing by their action herein, but that the defendant, Joseph Abner, be, and he is, decreed to be the owner of said land in controversy, to wit, lot numbered five (5) in section two (2) of township twenty-eight (28) north, of range twenty-two (22) east; the southeast quarter ($\frac{1}{4}$) of the southeast quarter ($\frac{1}{4}$) of section twelve (12) in township twenty-eight (28) north, of range twenty-three (23) east; also the northwest quarter ($\frac{1}{4}$)

of section eighteen (18) in township twenty-eight (28) north, of range twenty-four (24) east of the Indian meridian, in the Indian Territory,—and is entitled now, and was at the commencement of this action, to the possession of said premises, and that he have and recover of and from the plaintiffs and the intervener all of his costs in and about this action expended, taxed at $———. To which judgment of the court the plaintiffs and the intervener at the time duly excepted and asked that their exceptions be noted of record, which is now done accordingly; and the said plaintiffs and the intervener thereupon pray an appeal to the court of appeals for the Indian Territory, which appeal is by the court granted, and the said plaintiffs and the intervener are given ninety days to perfect and file such appeal. (Signed) Joseph A. Gill.'.

To which plaintiffs and intervener excepted, and prayed an appeal to this court.

*S. C. Fullerton* and *G. B. Dennison*, for appellants.

*D. W. Talbot* and *W. H. Kornegay*, for appellee.

TOWNSEND, J. The appellants have filed two assignments of error, as follows: "Assignment of Errors: First. The court committed an error in its finding as follows: 'The court doth further find that the land in controversy, the same being the land of which the said Edith Abner died seised, upon her death descended and vested in the defendant, Joseph Abner, a brother of the half blood, the issue of a common father, Dennison W. Abner, deceased, both of her said parents having died prior to the date of her death,—her mother without issue other than said intestate, and the father without issue other than said intestate and the defendant herein, Joseph Abner,—and that the said Joseph Abner is the sole and only surviving heir at law of the

said EdithAbner, dereased, and as such is the absolute owner of the land in controversy, and was such owner at the commence-ment of this action.' To which finding of the court the plaintiffs then and there duly excepted, and their exceptions were noted of record. Second. The court erred in rendering judgment for the defendant and against the plaintiffs, to which judgment of the court the plaintiffs at the time duly excepted and their ex-ceptions were noted of record."

It is conceded that the property in controversy is to be distributed according to the statutes of descent and distribution of the State of Kansas, and that the only statutes of Kansas that are applicable are the following (Comp. Laws Kan. 1885, pp 375-377, c. 33):

"(2239)  § 1.  After allowing to the widow and children of any deceased intestate of this state, the homestead provided in the next section of this act and the personal property and other allowances provided by the law respecting executors and administrators and the settlement of the estates of deceased persons, the remainder of the real estate and personal effects of the intestate not necessary for the payment of debts, shall be distributed as hereinafter provided."

"(2256)  § 18.  Subject to the rights and charges herein-before contemplated the remaining estate of which the decedent died seized shall, in the absence of other arrangements by will, descend in equal shares to his children."

"(2258)  § 20.  If the intestate leave no issue, the whole of the estate shall go to his wife; and if he leave no wife nor issue, the whole of his estate shall go to his parents."

"(2259)  § 21.  If one of his parents be dead, the whole of the estate shall go to the surviving parent; and if both parents be dead, it.shall be disposed of in the same manner as if they

or either of them, had outlived the intestate and died in the possession and ownership of the portion thus falling to their share or to either of them, and so on through ascending ancestors and their issue.

"(2266) § 28. All the provisions hereinbefore made in relation to the widow of a deceased husband, shall be applicable to the husband of a deceased wife. Each is entitled to the same rights or portion in the estate of the other, and like interest shall in the same manner descend to their respective heirs. The estate of dower and by curtesy are abolished.

"(2267) § 29. Children of the half blood shall inherit equally with children of the whole blood. Children of a deceased parent inherit in equal proportions the portion their father or mother would have inherited, if living."

The question is as to the proper construction of the foregoing statutes, so far as they apply to the facts in this case. The assignments of error can be considered together.

The court below having found for the defendant, the appellants present the single question involved, in a double aspect, as follows: "Did the defendant, under the facts, inherit the half interest in the property of the deceased which is claimed by the plaintiffs? To put it in another way, Edith Abner died intestate, leaving surviving her no husband nor descendants; and, both her parents being dead at the time of her death, did her half-brother by a common father take all of the real property she died seised of, or only an undivided one-half thereof?" It seems to be conceded that the supreme court of Kansas has not directly passed upon the question presented, and their statute is somewhat different from any other state to which our attention has been called. The appellants cite the Iowa case of Lash vs Lash, 10 N. W. 302, as a construction of a similar statute, but the provision of the Iowa Code which that court is considering is

as follows: "Where a person dies intestate, without issue, and both parents are dead, the portion which would have fallen to their share, if they had been living, shall be disposed of in the same manner as if they had outlived the intestate, and died in the possession and ownership of the portion thus falling to their share." Code, § 2457. The Kansas statute, it will be observed, differs somewhat from the foregoing. It is as follows: "(2259) § 21. If one of his parents be dead the whole of the estate shall go to the surviving parent; and if both parents be dead, it shall be disposed of in the same manner as if they, or either of them, had outlived the intestate and died in the possession and ownership of the portion thus falling to their share or to either of them, and so on through ascending ancestors and their issue." The Supreme Court of Kansas has decided in a number of cases that heirship depends entirely upon the statute, and where parents inherit from their children, the husband and wife being heirs of each other, they succeed to the property of each other, and, in tracing heirship and determining who are the heirs of their children, it makes no difference whether the relation of husband and wife exists at the time of descent cast. In the case at bar both parents were dead long prior to the death of the intestate, but the husband survived the wife, The statute says if one of the parents be dead the property goes to the surviving parent but if both be dead "it shall be disposed of in the same manner as if they, or either of them, had outlived the intestate and died in the possession and ownership of the portion thus falling to their share or to either of them." Now, when both are dead, if it is to be disposed of "in the same manner as if they or either of them had outlived the intestate," why does it not go to the surviving parent, the same as if one had been alive at the death of the intestate? It seems to us that the use of the words, "they or either of them had outlived the intestate" contemplates a survivor; otherwise the words "or either of them" are meaningless in the statute. The resurrection of the dead parents by this

statute in order to trace heirship is a fiction, but when resurrected, do they not inherit and transmit to their heirs the same as if they were living?  And the mother of the intestate having died without other heirs than the intestate and husband, when she is resurrected for the purpose of inheriting from the intestate, having no heirs surviving but the husband, does he not take all her property and thus the defendant in this case inherit from his father all of the property of which the intestate died seised?  Black on Interpretation of Statutes (page 83) says:  "In giving construction to a statute, the courts are bound, if it be possible, to give effect to all its several parts.  No sentence, clause, or word should be construed as unmeaning and surplusage if a construction can be legitimately found which will give force to and preserve all the words of the statute.'  The Iowa statute is so very different that we do not think it is authority in the construction of the statute under consideration.

It is contended by appellee that section 29, which is as follows:  "(2267) § 29.  Children of the half blood shall inherit equally with children of the whole blood.  Children of a deceased parent inherit in equal proportions the portion their father, or mother would have inherited, if living,"—also sustains the findings and judgment of the court below in his decision in this case.  What is meant by this provision?  "There never is a child, in the sense of offspring, that is of the half blood.  If a man were to get children by two women, all the children would have the same amount of his blood, and, so far as he is concerned, are children of the whole blood.  The children by the first woman, so far as the woman is concerned, are children of the whole blood; and, as far as the second woman is concerned, they are not of the blood at all; and so of the second woman's children.  With reference to each other, the children of the first woman are children of the whole blood.  With reference to the children of the second woman, the children of the first woman are of the

half blood." It occurs to us that the legislature used this expression to indicate people related by the half blood, and that it means what it says,—that "children of the half blood shall inherit equally with children of the whole blood."—and that as applied to the case at bar, it means that the defendant, being of the half blood of the intestate, inherits from her the same as he would if he was her brother by the whole blood.

. We are of the opinion that the judgment of the court below was correct, and it is therefore affirmed.