## McMenomy v. McMenomy *et al.*

1. Descent: CONSTRUCTION OF STATUTE. Section 2437, Rev. of 1860, which provides that if any one of the intestates's children be dead, the heirs of such child shall inherit his share in the same manner as though such child had outlived the parent, does not authorize the widow of a deceased husband to inherit from their child who died before the death of the husband.

2. —— HEIR. While the use of the word "heir" is not technically limited to children, yet it was not intended by its use to embrace the widowed mother of a child that died before the death of the father.

*Appeal from Muscatine District Court.*

TUESDAY, APRIL 16.

JEREMIAH McMENOMY, now deceased, and Catharine McMenomy, the plaintiff, intermarried in 1842. The *only issue* of this marriage was a son, John B. McMenomy, born in 1843, and who died in 1852, in his ninth year.

In 1857, the District Court for Muscatine county, at the suit of the husband, granted a decree of divorce between the said Jeremiah and the said Catharine, the decree allowing her a life interest in certain real estate in the city of Muscatine, by way of alimony. In February, 1865, Jeremiah McMenomy died, leaving property to the amount of some five thousand dollars. Shortly before his death he made a will, bequeathing to one Amelia Nestlebush the sum of one thousand dollars. As to the residue of his property, he died intestate.

John McMenomy, his brother, defendant herein, was appointed administrator. The payment of the said legacy, and debts and charges against the estate, leaves in the hands of the administrator a balance of some hundreds of dollars. The real and personal property in question was acquired by the said Jeremiah after the decree of divorce aforesaid, and, of course, after the death of John B. McMenomy, the deceased son of the said plaintiff. The plaintiff claims the estate as the heir of her deceased son, John B. McMenomy, who died intestate, and without either issue or brothers or sisters. The defendants claim the estate of the said Jeremiah, deceased, as his surviving brother and sister.

The present cause is a bill in chancery by the plaintiff, based upon the above facts, and by it she seeks to have her claim established to the property left by the said Jeremiah, in preference to the claim of his brother and sister. She does not, in this proceeding, claim as the wife or widow, or as an heir of her deceased husband, but as the heir of her deceased son who died at the time above stated. The district court decided against the plaintiff and dismissed her petition. From this decision, the plaintiff appeals.

*Henry O'Connor*, *Jacob Butler* and *David C. Cloud*, for the plaintiff.

*W. F. Brannan* and *Richman & Carskaddan* for the defendant.

DILLON, J.— It will be borne in mind that the plaintiff and the said Jeremiah had but one child ever born to them, and that this child died without issue many years *prior* to the death of his father. In the present proceeding, the plaintiff does not claim as widow, but, on the contrary, alleges, that she was divorced, *a vin-*

1. DESCENT: construction of statute.

McMenomy v. McMenomy.

*culo matrimonii*, from the intestate, some years before his death. Nor does she claim as *his* heir. But she claims by right of representation through her deceased son, John B. McMenomy. This right she bases upon the following provisions of the Statute:

Sec. 2436 (1408). Subject to the rights and charges hereinbefore contemplated, the remaining estate of which the decedent died seized shall, in the absence of other arrangements by will, descend in equal shares to his children.

Sec. 2437 (1409). If any of his children be dead, the heirs of such child shall inherit his share in accordance with the rules herein prescribed, in the same manner as though such child had outlived his parent.

Sec. 2495. If the intestate leave no issue, the one-half of his estate shall go to his parents and the other half to his wife; if he leave no wife, the portion which would have gone to her shall go to his parents.

Sec. 2496. If one of the parents be dead, the portion, which would have gone to such deceased parent shall go to the surviving parent, including the portion which would have belonged to the intestate's wife had she been living.

The plaintiff claims that, under section 2437, above quoted, she is the heir of her deceased child, and that this child, though he died before his father, shall, nevertheless, inherit the same as though it had outlived him. In our judgment such is not the meaning of the statute.

It was the purpose of section 2436 to discard the unjust and aristocratic rule of primogeniture, and to establish in its stead the law of partible inheritance, placing each and every child, male and female alike, upon an equal footing. Carrying out the same policy, the next section (2437), being that upon which the plaintiff mainly relies, provides that, if any one of the intestate's children be

dead, the heirs of such child shall represent it and take in the same manner as though such child had outlived the parents. It allows, for example, grandchildren to take the place of the child of the intestate.

This is the prevailing law in this country, and it is consonant with our ideas of justice, and responsive to the feelings and affections of the human heart.

It is true that the word "heir" is not technically limited to children; still we do not think that the legislature 2. —— heir. intended by its use in the section under consideration, to embrace such a case as that of the present plaintiff. Such a construction would be attended with consequences, as it seems to us, equally startling and unjust. Let us illustrate.

Suppose the plaintiff and the said Jeremiah had *ten* children, instead of one, and that nine of them had died during his life-time.

If the theory now propounded by the plaintiff be correct, she, as heir of the nine, would take nine-tenths of the inheritance, and the remaining child one-tenth only, and that too, subject (if there had been no divorce), to her dower and homestead right. If the plaintiff had remained the wife of the decedent, she would, there being no issue alive at his death, have inherited one half of his estate as provided in section 2495 of the Revision. If she was divorced by a valid decree *a vinculo matrimonii*, she could not claim any part of his estate as widow or heir; and this would go, he having died without issue, to his parents, and, through them, to their heirs, as provided by the statute. It is stated by counsel in argument, that the allegation in the petition, that the divorce was from "the bonds of matrimony," is based upon a mistake of fact, and that, in truth, the divorce was only from bed and board.

If this be so, this proceeding will not bar another to be commenced by the plaintiff claiming as widow or heir of

her deceased husband. Without prejudice to any such action, the judgment of the District Court, in the present cause, is

Affirmed.

COLE, J., having been detained from court by sickness in his family, did not hear the argument in this case, and therefore took no part in its determination.