## WILL OF GUSTAV L. F. OVERDIECK.

1. **Descent:** INHERITANCE FROM CHILD. The widow of a deceased husband will not inherit from the child who died before the death of the husband. Following *McMenomy v. McMenomy*, 22 Iowa, 148.

*Appeal from Scott Circuit Court.*

FRIDAY, DECEMBER 13.

GUSTAV L. F. OVERDIECK made his will as follows:

"Know all whom it may concern, that Gustav L. F. Overdieck, of the county of Scott, and State of Iowa, being of sound and disposing mind and memory, do hereby publish and declare the following to be my last will and testament:

"1. It is my will that my just debts and funeral expenses shall be paid out of my estate, as soon after my death as it can be lawfully done.

"2. For the reason that I am satisfied with the provisions of the laws of the State of Iowa, in regard to the wives of decedents, I do not make herein a special bequest to my wife; but I do hereby express my will that my beloved wife, Elise, shall receive of my estate after my death all such share which the laws of said State of Iowa now give her, no more and no less.

"3. I do hereby devise and bequeath to my beloved son Friedrich the sum of three thousand ($3,000) dollars; and to my two daughters Charlotte and Ellen the sum of three hundred ($300) dollars each, to be paid to them as soon after my death as my executors, herein below named, can lawfully do it, without thereby wasting, depreciating, sacrificing or unnecessarily incumbering said property.

"4. All the rest and residue of my estate, personal, real or mixed, of any kind, without any exception, I do hereby devise and bequeath to my beloved son Albert, who is of weak mind, and for whom it is my desire that my friends Gustav Schlegel

and Martin Plahn shall be appointed guardians, and receive this legacy in trust for him.

"5. I do hereby nominate and appoint as executors of this my last will and testament, Gustav Schlegel, of Davenport, Iowa, and Martin Plahn, now living near Walnut, Iowa; and I do hereby especially exempt them from the necessity of giving bonds for such trust."

The devisee, Friedrich Overdieck, died intestate, unmarried, and without issue, November 21, 1876, leaving surviving him, as next of kin, said testator, his father, and said legatees, Elise, his mother, Albert, his brother, and Charlotte and Ellen, his sisters, all of whom, except said testator, are still living. The testator, Gustav L. F. Overdieck, died March 29, 1877, and his will was thereafter duly admitted to probate in said Circuit Court, and Gustav Schlegel qualified as sole executor.

On November 7, 1877, the executor filed a petition for the construction of the will, making all the legatees defendants, and stating that he is advised that, under section 2337 of the Code, the amount devised to said Friedrich Overdieck would go to his mother, Elise Overdieck, as his sole heir, unless, from the terms of the will of said Gustav L. F. Overdieck, a contrary intent is manifest; that petitioner is uncertain to whom he should pay said legacy to Friedrich Overdieck—whether to the widow, or to Albert, the residuary legatee. He prays the court to inquire into the matter, and direct him to whom he shall pay said legacy.

Albert Overdieck, by his *guardian ad litem*, answered, claiming the legacy as residuary legatee. Elise Overdieck also answered, claiming said legacy as sole surviving parent and heir at law of the devisee, Friedrich Overdieck.

The court made the following order: "That it is the true construction of said will that said Elise Overdieck does not inherit any portion of the legacy bequeathed to said Friedrich Overdieck, who died before the death of the testator, his father; that she is not the heir of said Friedrich, so that she

can inherit any portion of said legacy, and that it is manifest from the terms of said will that the testator did not intend thereby that she should take said legacy in the event that said Friedrich should die before the testator's death; that the said legacy has lapsed, and has become a part of the residuary estate of the said Gustav L. F. Overdieck, deceased. And the said executor is ordered and directed to treat said legacy of three thousand dollars as a part of the residue of · the estate, and to pay and dispose of it accordingly."

To this order Elise Overdieck excepted, and she now appeals.

*Claussen & Heinz*, for appellant.

*E. E. Cook, guardian ad litem*, for appellee.

DAY, J.—The widow, Elise Overdieck, claims that she is entitled to the amount devised to Friedrich Overdeick, under section 2337 of the Code, which is as follows: "If a devisee die before the testator, his heirs shall inherit the amount so devised to him, unless, from the terms of the will, a contrary intent is manifest." The corresponding section, 2454 of the Code, 2437 of the Revision, respecting the disposition of the property of *intestates*, is as follows: "If any one of his children be dead, the heirs of such child shall inherit his share in accordance with the rules herein prescribed, in the same manner as though such child had outlived its parents." This section received construction in *McMenomy v. McMenomy*, 22 Iowa, 148. It is there held that this section does not authorize the widow of a deceased husband to inherit from their child who died before the death of the husband. This construction was followed at the present term. See *Journell v. Leighton*, 49 Iowa, 601. The purpose of the two sections is evidently the same, and it is not possible, with any consistency, to place upon them a different construction. That the construction placed upon the statute in *McMenomy v. McMenomy* meets the legislative approval, may be fairly inferred from the fact that, although the decision was announced eleven years ago, no declaration of a dif-

ferent purpose has been declared by alteration or amendment of the law.    As was said in *Journell v. Leighton,* the construction adopted in *McMenomy v. McMenomy* establishes a rule of property, and cannot now, without great confusion and perhaps positive wrong, be departed from.    The construction placed upon section 2454 of the Code, and which we cannot now consistently change, even if doubtful of its correctness, logically and necessarily leads to the holding that under section 2337 of the Code a widow of a deceased husband cannot inherit from their child who died before the death of the husband.    If the word "heirs" is properly limited to children in one section, it must be so limited in the other.    The construction placed by the court below upon the will, in view of prior decisions of this court, is correct.

AFFIRMED.