Blackman et al. v. Wadsworth et al.

BLACKMAN ET AL. v. WADSWORTH ET AL.

1. **Estates of Decedents**: DEVISEE DYING BEFORE TESTATOR: WHO ARE HEIRS OF: CODE, § § 2337, 2454. Where a devisee dies before the testator, leaving a widow and a brother, the brother is, but the widow is not, an heir of the devisee, within the meaning of section 2337 of the Code, and in such case the legacy goes to the brother. *McMenomy v. McMenomy*, 22 Iowa, 148, and *Will of Overdieck*, 50 Id., 244, distinguished. And *held*, further, *arguendo*, that the word "heirs," as used in sections 2337 and 2454 of the Code, has the same meaning.

*Appeal from Mitchell Circuit Court.*

FRIDAY, OCTOBER 24.

THIS is a controversy without action, submitted upon an agreed statement, under chapter 10 of title 20 of the Code. The question presented arises under the will of George Briggs, deceased. The parties differ as to whether a certain legacy has lapsed or not. The devisee whose legacy is in controversy, Henry H. Blackman, died before the death of the testator, leaving, as his widow, the plaintiff, Nellie Black-man, and leaving his brother, the plaintiff, Charles M. Black-man, and leaving no other brother, and no child, parent, nor sister. It is conceded that, if the legacy has not lapsed, it should either be divided between the widow, Nellie, and the brother, Charles M., or go to Charles M. alone; and, if it has lapsed, it should go to the residuary devisees, who are the defendants, Hester A. Wadsworth, Daniel M. Briggs, and the brother, Charles M., above mentioned. The court below held that the legacy had lapsed. Charles M. and Nellie Blackman appeal.

*Cyrus Foreman*, for appellant.

*F. F. Coffin*, for appellees.

ADAMS, J.—The determination of the question presented depends upon whether the widow, Nellie, and brother, Charles M., are to be regarded as the heirs of the deceased devisee, within the meaning of the word "heirs," as used in section 2337 of the Code. That section is in these words: "If a devisee die before the testator, his heirs shall inherit the amount so devised to him, unless, from the terms of the will, a contrary intent is manifest." It is undisputed that, if the devisee had survived the testator and died, the legacy would have become a part of his estate, and would have been distributed to his widow, Nellie, and his brother, Charles M. It is undisputed, also, that Charles M. is the heir of the deceased devisee within the ordinary meaning of the word "heir." The defendants, Hester A. Wadsworth and Daniel M. Briggs, residuary devisees, contend that in no

proper sense is a widow the heir of her deceased husband, and that, while it is true that a brother, under some circumstances, is the heir of a deceased brother, he is not such within the restricted meaning which the word "heirs" should be deemed to have in the statute above cited. They contend that the word "heirs," as thus used, means children, and they cite in support of this position *McMenomy v. McMenomy*, 22 Iowa, 148, and *Will of Overdieck*, 50 Id., 244. A careful examination of these cases, however, will show that they do not go to the extent claimed. The most that can be said is that there is a slight intimation in the first case that the court thought that the word "heirs" in a different section, to-wit, section 2437 of the Revision, should be limited to children; and, in the last case, that there was no substantial difference in the use of the word in that section and the use of the same in that which provides for the legacy of a deceased devisee. But in neither case does the court say that the word is limited to children. In the last case, it is true, it was held that the legacy went to a brother of the deceased devisee, as residuary devisee, and on the theory that the legacy had lapsed; and it appears that there were two sisters of the deceased devisee, and they had been made parties. But the question presented was as to whether the executor should pay the legacy to the mother, as heir of the deceased devisee, or to the brother, as residuary devisee. The mother and brother appeared, and set up their respective claims. The sisters did not appear, and, by failing to appear, they tacitly conceded that, so far as they were concerned, either the claim of the mother or that of the brother should be sustained. The only ruling constituting any authority is that the mother could not take. The ruling that the brother took *as residuary devisee*, and on the theory *that the legacy had lapsed*, was, under the circumstances of the case, substantially a correct ruling.

We desire to say a word, in passing, upon the ruling respecting the mother. It was based upon *McMenomy v.*

*McMenomy*, but there are reasons why it should not have great influence in the determination of the case at bar. What the court held in *McMenomy v. McMenomy* was that the widow took nothing from her deceased husband's estate by reason of a child which had been born to them, but which had died before its father died. There was certainly no reason in the nature of things why the widow's share should be greater by reason of such prior deceased child, and it had never been the practice, we think, to allow her share to be increased by reason of such child. It was accordingly held, and perhaps correctly, that the word "heirs," as used in section 2437 of the Revision, did not include the mother of the deceased child. It cannot be denied, we think, that the ruling involved a rather strained construction of the statute. Later, the statute was changed, and the mother is now precluded from such inheritance by a plain and unambiguous provision. It is now expressly provided that the share of a prior deceased child shall be disposed of in the same manner as if it had taken the share and outlived *both* parents. Code, § 2454, last clause.

If the case of *McMenomy v. McMenomy* had arisen under the present statute, it would have involved no construction of the word "heirs," and the word would have been allowed to have its full and ordinary meaning. It is true, the *Overdieck Case* arose under the present statute, and the strained construction was still adhered to, under the supposition that the case of *McMenomy v. McMenomy* required it. But the consideration above mentioned was not brought to our attention. We are now asked to go still further, and apply the ruling in *McMenomy v. McMenomy* to the case of a brother, and hold that he is not an heir, and that, too, notwithstanding the change of statute above mentioned, and notwithstanding that the reasoning on which the ruling in *McMenomy v. McMenomy* is based has scarcely any application. Where a word like the word "heirs" has a plain and well-recognized meaning, we ought certainly, as a gen-

eral rule, to adopt that meaning; and we should not be jus-
tified in adopting any other, except for reasons of a very
cogent character. We do not discover such reasons in the
case at bar, and conclude that Charles M. Blackman is the
heir of his deceased brother, Henry H. Blackman, within the
meaning of the statute in question. While we hold that
the brother is heir, we are disposed to hold that the widow
is not. We do not forget that she does not now take as dow-
eress, but takes under a statute of distribution, in the same
manner as heirs do. In one or two cases we think that she has
been called by this court the heir of her deceased husband.
But the question is not as to what she is now called, or
might properly be called, but what she was called at the
time of the origin of the statute in question, and of a cog-
nate statute.

Section 2337 of the Code is a literal copy of section 2319
of the Revision. Under the Revision the widow took dower.
She was certainly not at that time generally designated in
common parlance as an heir, and we cannot think that the
legislature at that time intended that she should be included
in the term "heirs," as that word is used in the section last
above cited. It may be thought by some that while the
word "heirs," as used in section 2319 of the Revision, may
not include the widow, the word as used in the correspond-
ing section of the Code does. Some reasons might be urged
in support of this position, and possibly we might think
that it should be sustained, but for another consideration
which we will proceed to mention. We look upon sections
2337 and 2454 of the Code as cognate provisions, so far as
the use of the word "heirs" is concerned. We have
already said this in the *Overdieck Case*. We think that the
legislature designed to treat the legacy of a prior deceased
devisee in the same manner as the share of a prior deceased
child of an intestate. If this is so, the word "heirs" must
have the same meaning in section 2337 as in section 2454.
Now, we think that it has never been understood that a

widow takes from the estate of her husband's father, dying intestate subsequently to her husband. If she could thus take, it would happen that a woman who had had several husbands, all, or all but one, of whom had died, leaving fathers surviving, might find herself enjoying an extended heirship for which nothing in her circumstances would seem to call. The widow, upon the death of her husband, sustains no legal relation to his father. She often, probably, becomes more or less estranged, and especially if her husband dies without issue. Other ties reassert themselves, and a different union may be formed.

If we should hold that the word "heirs," as used in section 2454, includes the widow, we think that we should not only surprise the profession, but invalidate numerous titles which had been supposed to be unquestionable. Not feeling willing to give the word "heirs" a different meaning as used in section 2337, we have to say that we think that Nellie Blackman does not inherit any part of the legacy in question, and that Charles M. Blackman inherits the whole. Upon Nellie Blackman's appeal the judgment must be affirmed, and upon Charles M. Blackman's appeal the judgment must be

MODIFIED AND AFFIRMED.