PHILLIPS v. CARPENTER *et al.*

**Life Insurance :** PAYABLE TO "LEGAL HEIRS:" WIDOW NOT AN HEIR. Where a decedent left a widow and one child, and also a life insurance policy payable to his "legal heirs," *held* that the widow was not included in the term "legal heirs," and that the whole amount of the policy was payable to the guardian of the child. (See opinion for meaning of word "heirs" in this state.)

*Appeal from Jones District Court.*—HON. J. H. PRESTON, Judge.

FILED, FEBRUARY 11, 1890.

ACTION to recover one-half of the amount paid upon a policy of insurance. Dr. J. H. Phillips died, leaving the plaintiff, his widow, and one child, Bessie Phillips, a minor, surviving him, of which minor H. M. Carpenter was duly qualified as guardian. The deceased, at his death, held a certificate of insurance on his life, in full force, issued to him by the Grand Lodge of the Ancient Order of United Workmen of the State of Iowa, for two thousand dollars, payable, at his death, to "his legal heirs." By agreement, the grand lodge paid one thousand dollars to H. M. Carpenter, guardian, and one thousand dollars to R. M. Bush, clerk of said court, which last one thousand dollars is held subject to the result of this suit. Issue being joined, as to whether the said Irene B. Phillips, widow, is a legal heir of said deceased, the cause was submitted to the court, and judgment entered for the one thousand dollars in the hands of R. M. Bush, clerk, in favor of H. M. Carpenter, guardian. Plaintiff appeals.

*Remley & Ercanbrack*, for appellant.

*J. W. Doxsee*, for appellees.

GIVEN, J.—I. The certificate under consideration being payable to the "legal heirs" of Dr. J. H. Phillips, deceased, the proceeds thereof are not to be divided as personal property of the estate, but go directly to the persons designated in the certificate. The sole question presented in the record is whether the plaintiff, widow of the deceased, is a "legal heir," within the meaning of those words as used in the certificate. It is conceded that at common law the widow was not an heir of her husband, because her dower right began at the time of her marriage, and became complete on the death of her husband, and could not be taken away, by will or otherwise, without her consent. Mr. Blackstone (2 Comm. 201) defines an "heir" to be "he upon whom the law casts the estate immediately on the death of the ancestor." Adopting this definition, appellant contends that our statutes with respect to the widow's right to share in life insurance, in personal property, and in real estate in excess of one-third, makes her a legal heir. Sections 1182 and 2372 exempt the proceeds of life insurance from the payment of debts, and provide that it shall inure to the separate use of the husband, or wife and children, to be disposed of like other property left by the deceased. As between the assured and the insurer, the policy is a contract for the benefit of the beneficiary, who takes by contract, rather than by inheritance. The naming of the beneficiary, though not a bequest, partakes of its nature. *Robinson v. Duvall*, 12 Rep. (Ky.) 466. The widow is not made a legal heir of her husband by the statutes. She takes under the contract, of which the statutes are a part, and not by inheritance. As to personal property, while it is true the husband may dispose of it during his life without the consent of his wife, he cannot dispose of it by will so as to deprive his widow of her rights therein. She takes of the personal property as a matter of right, and not as an heir.

The only instance, under our statutes, wherein the rights given to a widow partake of the nature of heirship, is under section 2455, Code, which provides: "If

the intestate leave no issue, the one-half of his estate shall go to his parents, and the other half to his wife." In *Burns v. Keas*, 21 Iowa, 257, it was held, as to all in excess of one-third, the widow takes as heir at law. See, also, *Smith v. Zuckmeyer*, 53 Iowa, 14. As to the excess over one-third, the widow takes, not by contract, nor in her own right, but as an heir. It will be observed that the plaintiff is not entitled to share in the proceeds of this insurance, under sections 1182 and 2372, unless she is a legal heir; for such are designated as the beneficiaries. *Blackman v. Wadsworth*, 65 Iowa, 80, is directly in point. There was a devise by George Briggs to H. H. Blackman, who died before the testator, leaving the plaintiff, his widow, and a brother, Charles, surviving him. The question was whether the plaintiff was heir to her deceased husband, so as to inherit the devise under section 2337, which provides: "If a devisee die before the testator, his heirs shall inherit the amount so devised to him." The court says: "Where a word like the word 'heirs' has a plain and well-recognized meaning, we ought certainly, as a general rule, to adopt that meaning; and we should not be justified in adopting any other, except for reasons of a very cogent character. We do not discover such reasons in the case at bar, and conclude that Charles M. Blackman is the heir of his deceased brother, Henry H. Blackman, within the meaning of the statute in question. While we hold that the brother is heir, we are disposed to hold that the widow is not." There are certainly no more cogent reasons in this case than in that for holding that the widow is the legal heir.

As designating a beneficiary in a policy of insurance is in the nature of a testamentary devise, we are to determine whom the deceased intended by the designation "legal heirs," and in doing so we are to consider the circumstances under which the designation was made, and the technical and generally accepted meaning of the words employed. It does not appear whether the

assured had a right to change the beneficiary or not, nor are any other circumstances shown, except that he left the plaintiff, his widow, and one child surviving him. These circumstances not only show that the plaintiff is not entitled to recover under section 2455, Code, the intestate leaving issue surviving, but indicate an intention that she should not share in the proceeds of this insurance. If the term "legal heirs" was used in its technical sense, then she is not such because of the issue surviving; if in the commonly accepted sense, then she is not a legal heir. The distinction between the word "widow" and the work "heir" is marked in common parlance. No one having children speaks of his wife, in contemplation of her survivorship, as his heir; but it is believed it is universal that she is referred to as widow, and the children as heirs. While technically, and in the single instance stated, a widow may become a legal heir of her deceased husband, our conclusion is, under the facts of the case, that whether used in their technical or general sense, the words "legal heirs" were not intended, and should not be construed, to include the plaintiff.

II. Appellee filed a counter-claim containing certain allegations which, on motion of plaintiff, were struck out as immaterial. The judgment being for appellee, and he not having appealed, we cannot consider his complaint against the sustaining of said motion. The judgment of the district court is

AFFIRMED.