## EDWARD A. MECHLING AND ANOTHER v. FANNIE S. McALLISTER AND OTHERS.[1]

January 19, 1917.

Nos. 19,989—(143).

**Will — lapse of devise — widow estopped by her election.**

> A resident of Iowa made his will, in which, after giving to his wife certain real and personal property in that state, he devised and bequeathed the residue of his estate in equal shares to his wife and his son. The son died before his father. The testator, at the time of his death, had no lineal descendants. His widow filed in the Iowa courts an election to accept the provisions of the will. The testator owned real estate in Minnesota which was a part of the residue so devised. It is *held:*

[1]Reported in 160 N. W. 1016.

The election in Iowa of the widow to accept the provisions of the will estops her from taking under the statutes of this state property of the testator as to which, by reason of the lapsing of the devise to the son, he died intestate. Johnson v. Johnson, 32 Minn. 513, distinguished.

From the final decree of the probate court for Marshall county, Holm, J., assigning the residue of the estate of Charles McAllister, deceased, to Fannie S. McAllister, widow of said decedent, Edward A. Mechling and John H. McAllister appealed to the district court for that county. The appeal was heard before Grindeland, J., who made findings and affirmed the decree of the probate court. From the judgment entered pursuant to the order for judgment, appellants appealed. Reversed.

*A. N. Eckstrom* and *Frank O. Campe,* for appellants.

*Julius J. Olson, Rasmus Hage* and *Buck & Kirkpatrick,* for respondents.

BUNN, J.

Charles McAllister, a resident of Iowa, died July 20, 1913. At the time of his death he owned a quarter section of land in Marshall county, Minnesota, and property in Iowa. He left surviving his widow, Fannie S. McAllister, but no children or grandchildren. By his will, after giving to his wife the family residence in Spencer, Iowa, and his stock in a bank, he gave, devised and bequeathed the residue of his property, which included the land in Marshall county, to his wife and his son, Alexander McAllister, in equal portions. Alexander died before his father, as did the only son of Alexander. The testator then drew a line through the words which gave the son half of the residue, making the language read as a devise of the whole thereof to his wife and wrote on the margin of the instrument the words "canceled June 21, 1912, because Alexander McAllister, my son, died May 13, 1912, and his only surviving son May 26, 1912." The will was probated in Iowa and the court held that the attempted change and cancelation were ineffectual because not witnessed, and adjudged that one-half of the residuary estate should go to the widow, and one-half to the heirs of Alexander. The widow filed in the Iowa court her election to accept the provisions of the will. She has filed no renunciation in this state.

The son, Alexander, left surviving him one child, who died as stated

above, and his widow, who is still living. The testator, Charles McAllister, left surviving no lineal descendants, but he had two nephews, John H. McAllister and George H. McAllister, a grand-nephew, Milo Miller, and a grand-niece, Albertine. Miller. George H. McAllister conveyed to John H. McAllister, one of the appellants, all his interest in the estate, and Edward A. Mechling, the other appellant, is the owner of the interest of the grand-nephew and grand-niece.

An exemplified copy of the will was admitted to probate in Marshall county. On a hearing of a petition of the executors for a distribution of the estate, the executors of the will and widow of the testator on the one hand, and Edward H. Mechling and John H. McAllister, on the other, contested the question whether the half of the residue originally devised to the son Alexander went to the widow, or to the named collateral heirs of the testator. The probate court gave the entire residue to the widow. On appeal to the district court the decree of the probate court was affirmed. The case comes to this court on the appeal of Mechling and McAllister from the judgment of the district court affirming that of the probate court.

It is admitted by all parties that the devise to Alexander McAllister lapsed, and that the testator died intestate as to the land in Minnesota. It is further conceded that under the laws of this state the widow is the sole heir at law of her husband, and that had he left no will she would take the entire estate. The controversy is over the effect of her election in the Iowa court to accept the provisions of the will. The appellants contend that this election estops the widow from taking any portion of her husband's estate except that given her by the will, that she cannot take property as to which he died intestate, but that such property goes to those who would inherit it had the deceased left no widow. In support of this contention appellants cite many authorities from other states, all holding to the doctrine above stated. We cite here some of the cases referred to: Adams v. Adams, 5 Metc. (46 Mass.) 277; In re Benson, 96 N. Y. 499, 48 Am. Rep. 646; Leake v. Watson, 60 Conn. 498, 21 Atl. 1075; Ellis v. Dumond, 259 Ill. 483, 102 N. E. 801; Collins v. Collins, 126 Ind. 559, 25 N. E. 704, 28 N. E. 190; Severson v. Severson, 68 Iowa, 656, 27 N. W. 811; Compton v. Akers, 96 Kan. 229, 150 Pac. 219; Hardy v. Scales, 54 Wis. 452, 11 N. W. 590. Probably the basic reason

for this doctrine is that, where the husband has made provision for his wife in his will, it is to be presumed that he gave her all he intended she should have, and that to allow her, after she has elected to take under the will, to share in property as to which the husband died intestate, goes against the clear intention of the testator. It is interesting, though not important, to note how this line of reasoning proves false in the case at bar, where the intention of the testator that his wife should have the lapsed legacy to the son, though illegally expressed, is none the less very clear. But the authorities are practically unanimous in support of appellants' contention. Respondents insist that these authorities are not controlling, or even applicable, for the reason that under our statute the widow was not required to renounce the will or make an election. They rightly say that the laws of this state, where the real estate is situated, control its distribution. Boeing v. Owsley, 122 Minn. 190, 142 N. W. 129. They quote the following language of the late Justice Philip E. Brown in the opinion in that case: "The existence or nonexistence in other states of statutes relative to election can in such case be material only upon a question of common law estoppel." It is plainly true that Mrs. McAllister was not required to renounce in this state the provisions of the will in order to take under the statute. G. S. 1913, § 7239, applies by its terms only to cases where the will of a deceased *parent* makes provision for a surviving spouse in lieu of the rights in his or her estate secured by statute. It has no application where the testator has no lineal descendants. Radl v. Radl, 72 Minn. 81, 75 N. W. 111; Jones v. Jones, 75 Minn. 53, 77 N. W. 551; Tracy v. Tracy, 79 Minn. 267, 82 N. W. 635.

But it does not follow, simply because she was not required to file an election in this state, and has not done so, that the widow is not bound by her Iowa election. The doctrine of estoppel by election, as applied to cases where a testator makes a provision in his will for his spouse, in lieu of dower, is not a creature of statute. It is an equitable doctrine, founded upon equity principles. That it is not controlling on the question of estoppel that the widow was not required to file an election in this state and did not do so, is recognized by the quotation above made from the Owsley case, where it is stated that the statutes of other states may be material upon a question of "common law estoppel." A "common law"

or equitable estoppel is what is claimed in this case, and unless the decision in Johnson v. Johnson, 32 Minn. 513, 21 N. W. 725, is to the contrary, we would be obliged to say that the authorities are absolutely in accord in support of such claim, and, when we consider the case on general principles of equity, it seems clear that the widow's election to take under the will estops her from claiming under the statutes of descent any part of the testator's property as to which he died intestate. The doctrine of election as applied to cases where there is an obligation upon a widow to elect as between her dower in lands devised by her husband and provisions made in her behalf by the will, is fully discussed in Washburn v. Van Steenwyk, 32 Minn. 336, 50 N. W. 324. A vital question in that celebrated case was as to the effect as an estoppel as to lands of the testator in this state of an election to take under the will made in Wisconsin on behalf of the insane widow by the Wisconsin court. After stating that an election by a court in behalf of an insane ward must stand for and be considered as the election of the party himself, the court, at page 356, says: "Once effectually made, and the thing chosen having been thus acquired, it cannot be that whatever stands over against that thing as the other alternative is still subject to his will. If, in the course of administration in the state where the will was executed, and where the testator was domiciled at the time of his death, the widow, being sane, had declared her election to take under the will, there can be no doubt that that election would have concluded her everywhere." And again: "The testator offers her simply certain testamentary benefits. The *law* (of Wisconsin and Minnesota, and wherever else real property may be situated) offers her estates in lands, in dower and in fee. If she accepts his offer she relinquishes her legal right in all his lands."

This language is in complete accord with the authorities everywhere. We have before cited some of the cases that directly involved the right of a widow who had elected to accept the provisions of the will of her husband to take or share in property as to which, because of a lapsed legacy, he dies intestate. There is no conflict in the cases. They all hold that the widow is estopped by her election. Such a holding is unavoidable in the present case, unless we are bound to follow the case of Johnson v. Johnson, before cited. It is rather curious to note that this case was decided but a few months after Washburn v. Van Steenwyk, and is reported in

the same volume. In the Johnson case the testator gave and bequeathed to his wife, *"in addition* to the amount now allowed her by law out of my estate, and which it is my will she shall have on my decease, my gold watch and chain." He gave the residue in specified shares to his four children, one of whom died without issue in the lifetime of the testator. It was held that the widow took under the will what the law then in force would have given her, and in addition one-third of the lapsed legacy, as to which the testator died intestate. The court said that the widow was put to no election between her share under the will and this undisposed-of portion of the estate, that her acceptance of the provisions under the will was not a waiver of her right to share in the distribution of the lapsed estate. This decision admittedly lends some support to the position of defendants in the case at bar, and was likely the basis of the decisions of the probate and district courts. It has been cited in several subsequent cases, but not to the question of election. If it was correct that the widow in that case was "put to no election," the conclusion that she was not estopped to share in the lapsed devise was right. This is the distinguishing feature between the Johnson case and the case at bar. Here we have no question that the widow was put to an election, as she did in fact elect to take under the will.

Our conclusion is that the election of Mrs. McAllister to accept the provisions made for her in the will of her husband, estops her from sharing in that part of his estate as to which, by reason of the lapsed devise, he died intestate. The judgment appealed from is reversed, with directions to amend the conclusions of law and enter judgment in accord with this opinion.