FANNIE S. McALLISTER, Appellee, v. JOHN H. McALLISTER et al., Appellants.

WILLS: Construction—Statutory Substitution—Predeceased Legatees—Legatee's Wife as Heir. A devise or bequest to one who predeceases the testator passes, under Section 3281, Code, 1897, in the absence of a contrary intent, to the devisee's heirs; but the devisee's wife, in such case, is not an *heir* of devisee's.

WILLS: Construction—Share of Legatee—Decree—Effect. A will-construing decree, *based solely on the effect of a purported cancellation and erasure*, and finding that said cancellation and erasure were nullities, and that the will should stand as originally executed, and ordering (a) that the wife of testator was entitled to one half of the estate, in accordance with the unquestioned provisions of the will, and (b) that the remaining one half, which was devised to testator's son, who predeceased testator, should pass "*to the heirs of said son*," is not a judicial determination that the one-half portion to the wife is the *full measure* of her right—is no impediment to the wife's taking also a portion of the share which would have passed to said issueless son, had he survived testator.

JUDGMENT: Conclusiveness—Controlling Issues. A judgment or decree, when construed in the light of the issues upon which

it is based, may show that it is less comprehensive in its conclusiveness than the general language might fairly indicate.

PRINCIPLE APPLIED: A will devised one half of an estate to testator's wife, and one half to a son—his only child. The son predeceased the testator. The testator then informally indorsed a cancellation on the will, as to the devise to the son. He also drew lines through said devise to the son. After the death of testator, the executor asked for a decree construing the will, *in so far only as it was affected by said purported cancellation and erasure.* The decree held that the cancellation and erasure were nullities; that the will should stand as originally executed; and that the wife was entitled to half the estate, and the "heirs" of the predeceased son to the remaining half. *Held*, the decree was not a judicial determination that the said one half to the wife was the *full* measure of her right; that the wife was entitled to also take a statutory portion of the share which would have passed to said issueless son had he survived the testator.

WILLS: Right of Devisees, Etc.—Election—Estoppel. A wife, by
4  electing to take under the will of her husband, is not estopped to take, through her husband, a portion of an unlapsed devise to the husband's predeceased issueless son by a former marriage.

DESCENT AND DISTRIBUTION: Persons Entitled—How Determined. Heirs must be determined by the law in force at the
5  time of the death of the person whose estate is under consideration.

WILLS: Construction—Substitution—Stepmother of Predeceased Issueless Devisee. A wife, upon the death of her testate husband
6  without descendants, will take one half of a devise to her issueless stepson who predeceased her husband. (Sec. 3381, Code, 1897.)

WILLS: Construction—Substitution—Course of Descent. A devise to a devisee who predeceases the testator passes, in the absence
7  of a contrary intent in the will, in the following order:

First. To devisee's heirs, *to the exclusion of devisee's wife.* (Sec. 3281, Code, 1897.)

Second. To devisee's surviving parents in equal portions, provided devisee has no issue. (Sec. 3379, Code, 1897.)

Third. To the surviving parent, provided one parent is dead. (Sec. 3380, Code, 1897.)

Fourth. To each deceased parent in equal portions, if both be dead, and from thence to the heirs of the deceased parents. (Sec. 3381, Code, 1897.)

Fifth. *To the wife of said predeceased devisee,* provided a deceased parent has no heir for his or her portion. (Sec. 3382, Code, 1897.)

*Appeal from Clay District Court.*—D. F. Coyle, Judge.

APRIL 1, 1918.

Suit in partition resulted in a decree finding that plaintiff was owner of ⅝ of the realty involved, Sue A. McAllister, ¼, John A. McAllister, $\frac{1}{16}$, Edward A. Mechling, $\frac{1}{32}$, and Milo Miller, $\frac{1}{32}$ thereof. All the defendants appeal. —*Affirmed.*

*Frank O. Campe, Heald & Cook, J. P. Goble, F. F. Faville, Charles H. Wright,* and *J. W. Cory & Son,* for appellants.

*Buck & Kirkpatrick,* for appellee.

*H. Chamberlain,* guardian ad litem for unknown heirs, etc.

LADD, J.—Charles McAllister died testate, July 20, 1913, leaving him surviving as widow, Fannie S. McAllister, and no descendants. His will was admitted to probate, and by its terms gave his widow the family residence and certain bank stock, and the residue of his estate to his "wife, Fannie S. McAllister, and son Alexander McAllister in equal portions, that is, one half of the residue of my estate to each." Alexander was his only child, the mother of whom, Laura McAllister, had departed this life many years previous. Alexander died, May 13, 1912, leaving surviving him his widow, Sue A. McAllister, and one child, who departed this life May 26, 1912.

1. WILLS: construction: statutory substitution: predeceased legatees: legatee's wife as heir.

The mother of Alexander left no heirs. John H. and George H. McAllister are sons of a brother of testator's. George has assigned his interest in the estate to John H. McAllister. Elbertine Miller is the granddaughter, and

her brother, Milo Miller, the grandson, of another brother of testator's. The latter disappeared in 1906, and has not been heard from since. Elbertine Miller assigned her interest in the estate to Edward A. Mechling. These are all the heirs of testator, and our task is to ascertain the shares in the estate to which each is entitled.

I. Sue A. McAllister survived the devisee, Alexander A. McAllister, as widow, and she complains of the ruling of the court that she was not entitled to one half of the devise to said predeceased devisee, the same as though he had outlived the testator and been seized of the estate devised at the time of his death. This decision was in accord with the prior construction of Section 3281 of the Code, which declares that:

"If a devisee die before the testator, his heirs shall inherit the property devised to him unless from the terms of the will a contrary intent is manifest."

Nothing to the contrary appeared in the will. Though the devise passes to the heirs of the devisee, they take directly from the testator, and not through the devisee. *In re Hulett's Estate,* 121 Iowa 423. In the absence of such a statute, such a devise must have lapsed, and been disposed of as intestate property. This statute was enacted to obviate that result, and to substitute in place of the devisee those persons "who would presumably have enjoyed the benefits of such devise had the devisee survived the death of the testator and died immediately afterwards." In view of this benevolent design, it would seem that the widow of the devisee might have been accorded the position of heir; but, in construing this statute, the court held otherwise, in *Blackman v. Wadsworth,* 65 Iowa 80. That decision was followed in *In re Estate of Freeman,* 146 Iowa 38. This was in harmony with *Braun v. Mathieson,* 139 Iowa 409, *Kuhn v. Kuhn,* 125 Iowa 449, *Phillips v. Carpenter,* 79 Iowa 600, *Rausch v. Moore,* 48 Iowa 611, and somewhat incon-

sistent with *Smith v. Zuckmeyer*, 53 Iowa 14, and *Wilcke v. Wilcke*, 102 Iowa 173, deciding that, where the husband dies intestate, without issue, the widow is heir to one sixth of his estate,—that is, the difference between the one-third dower interest and the one half taken under Section 3379 of the Code, which provides that:

"If the intestate leaves no issue, one half of the estate shall go to the parents, and the other half to the spouse; if no spouse, the whole shall go to the parents."

This last statute is held to be inclusive of the widow's third, or dower interest (*Burns v. Keas*, 21 Iowa 257) ; and, though she takes the third as dower, and in accord with Sections 3366 and 3376 of the Code, the additional sixth passes to her as an heir, and is, therefore, subject to the indebtedness of the husband. The ruling of *Blackman v. Wadsworth*, supra, was in the light of most of these holdings, as well as *McMenomy v. McMenomy*, 22 Iowa 148, and *Will of Overdieck*, 50 Iowa 244, which were regarded as in accord therewith. The court may have been influenced by the thought that the heirs of the predeceased devisee take their interest under the will, directly from the testator, and concluded that the heirs intended were those of consanguinity,—were it not for a prior decision (*Moore v. Weaver*, 53 Iowa 11), holding otherwise. In any event, the opinion holding the widow not an heir ought not to be disturbed, after the lapse of so many years. The decision has stood unchallenged for over 30 years, during which time the general assembly has been in session many times, and the statutes of the state revised, without changing the section to mean otherwise than stated in this opinion; and it may well be assumed that the legislative branch of the government is content with the construction excluding the widow of a predeceased devisee from the word "heirs," as found in Section 3281 of the Code. Enlarging her share in her deceased husband's estate, as was done by the thirty-fifth gen-

eral assembly, does not obviate the conclusion.    See Section 3379, Code Supplement, 1913.

II.    Appellants other than Sue A. McAllister contend that the former decree construing the will limits and defines the plaintiff's interest in the property in controversy, and necessarily excludes anything she might

2. WILLS : construction : share of legatee : decree : effect.

take as heir of the devisee.    The executors under the will applied to the court in probate for a construction of the will, on which there appeared an endorsement, as well as an erasure; and the court found that:

"The portion inserted in said will in longhand,'being the following words, to wit: 'canceled June 21, 1912, because Alexander McAllister, my son, died May 13, 1912, and his only surviving son May 26, 1912,' has never been witnessed in the same manner as the making of a new will, and that the same is of no 'force and effect under the laws of the state of Iowa, and that the same cannot be considered as any part of the will of said decedent."

The court further found:

"That the typewritten portion of said will in the third paragraph thereof, which contains the following words, to wit, 'A son, Alexander McAllister, equal portions, that his half of the residue of my estate,' through which lines have been run with a pen and ink, is still intelligible, and can be read through said lines.    And it is therefore found by the court that said will is not affected by the running of said lines through said portion thereof."

The court then adjudged that:

"The said will shall be considered and construed as it was originally written, signed, and witnessed, and without reference to the said attempted changes in the wording thereof, and that said will shall stand and be, for all intents and purposes, the same as originally written, executed, and witnessed.    And the court, having further examined

the said will with reference to the disposition of the residuary estate thereunder, finds that one half of the said residuary estate shall go to and become the property of Fannie S. McAllister, widow of deceased, absolutely. And it appearing to the court that Alexander McAllister, son of said deceased, has died before the decease of the said testator, and that one half of said residuary estate was devised and bequeathed to the said son, it is therefore ordered, adjudged, and decreed by the court that the said one half of the residuary estate which was devised to the said son under the terms of said will, will go to and become the property of the heirs of said Alexander McAllister, in pursuance of the statutes in such cases made and provided. And it is therefore ordered by the court that the said heirs of said son shall inherit the property devised to him under said will."

The manifest design of this decree was, first, to ascertain whether the attempted cancellation and erasure had been effective in eliminating the devise to the deceased son, and, having found these ineffective, to determine, in a general way, the division to be made of the property under the terms of the will; and the court found that the one half would go to the widow, instead of all, as would have happened had the cancellation or erasure been effective, and the half left to Alexander, to his heirs, and did not undertake to determine who were the heirs of Alexander McAllister, nor to ascertain whether the widow of the testator was such heir or not. This being so, the decree interposed no obstacle to ascertaining in this suit who were the heirs, and awarding to each, including the widow of testator, the portion to which he is entitled.

3. Judgment: conclusiveness: controlling issues.

*Ward v. Congregational Church,* 66 Vt. 490 (29 Atl. 770), is not an authority to the contrary. There, the estate had been settled, and the order of distribution had given complainant a life estate in the property. Subsequently,

in a suit in equity, she sought to be declared to be absolute owner; and the court held the order or judgment in probate *res adjudicata*, saying:

"It was the province of the court to determine and adjudge the kind of estate which the oratrix took, under the will and under the laws of this state, in the property left by her father; and if it did not decree to her the kind of estate therein to which she was entitled, she could and should have appealed from its decree."

There, the court had determined the estate to which the oratrix was entitled; while here, no attempt was made to ascertain,—much less to decide,—who were the heirs of the devisee, or the portion of the property to which each is entitled. Nor is there anything in the decree even intimating that the heirs of the devisee are to be determined otherwise than under Section 3281 of the Code. As his heirs would not have taken but for that section, the natural inference is that the finding of the court was in pursuance thereof. But for it, the devise must have lapsed, and gone to the heirs of testator. There is nothing in the point.

III. The wife of testator, plaintiff herein, elected to take under the will, and it is contended by appellants McAllister and Mechling that, having so done, she is estopped from claiming anything as heir of Alexander McAllister. Had the devise to said Alexander lapsed, this must have been our conclusion, as it was of the Supreme Court of Minnesota in *Mechling v. McAllister*, 135 Minn. 357 (160 N. W. 1016), in passing upon this identical issue. But, as seen, the devise is saved from lapsing in this state, by Section 3281 of the Code, and the heirs of the predeceased devisee take by substitution under the will,—that is, the heirs of said devisee are substituted by statute in place and stead of the devisee, and are entitled to the property devised precisely as the devisee would have been, had he

4. WILLS: right of devisees, etc.: election: estoppel.

outlived the testator.   In other words, by virtue of this statute, said heirs take under the will, instead of the predeceased devisee.   By her election to take under the will, the widow merely chose between the portion of the estate tendered her in that instrument and the distributive share to which she was entitled under the law.   Having elected which she would take, she might not thereafter, owing to some contingency not anticipated, reconsider such election, while retaining that taken under the will also, or claim a part of the estate not disposed of by that instrument.   Thus, as was held by the Supreme Court of Minnesota, after electing to take under the will, she was estopped from claiming a share of a devise which, under the laws of that state, had lapsed and become intestate property; for that, by her election to take under the will, she waived all right to the distributive share to which otherwise she would have been entitled.   Here, the devise to Alexander H. McAllister did not lapse.   It did not become intestate property.   It passed under the will, and, as heir of said devisee, who departed this life before the decease of the testator, the plaintiff, as testator's widow, in asserting her right to take as such heir, is not claiming a share of intestate property, but under the will, precisely as she elected to do.   There was no estoppel.

IV.   Appellant Edward A. Mechling contends that, inasmuch as the heirs of Alexander H. McAllister take under the will, Sections 3378 to 3382 of the Code, which relate to the descent of intestate property,

5. DESCENT AND DISTRIBUTION: persons entitled: how determined.

have no application; but he does not undertake to point out how the "heirs" of the predeceased devisee are to be ascertained. It is well settled that those are heirs of a person deceased who are designated by the statutes in force at the time of his death.   *Thompson v. Northwestern Mut. L. Ins. Co.,* 161 Iowa 446.   These statutes necessarily are resorted to in or-

der to determine who are the heirs of a person deceased. Nothing to the contrary is to be found in *McMenomy v. McMenomy,* 22 Iowa 148, *Journell v. Leighton,* 49 Iowa 601, or *Will of Overdieck,* 50 Iowa 244, relied on by appellant, which construe a statute which, as amended, appears in Section 3378 of the Code.

V.   The statutes of descent applicable where decedent left a widow, but no descendants, are Sections 3381 and 3382 of the Code.   The former provides that:

6. WILLS : construction : substitution : stepmother of predeceased issueless devisee.
"If both parents are dead, the portion which would have fallen to their share by the above rules shall be disposed of in the same manner as if they had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, and so on, through ascending ancestors and their issue."

Counsel for John H. McAllister contends that relationship by consanguinity only was contemplated by this statute, and that the suggested survival of the parents is a fiction, instantaneous in duration, to direct the blood line of descent.   But for the prior decisions of this court, the writer would have no hesitation in so construing this section; but our predecessors appear to have entertained a different view, as appears in *Moore v. Weaver,* 53 Iowa 11, and *In re Estate of Parker,* 97 Iowa 593, and we have followed them in *Lawley v. Keyes,* 172 Iowa 575.   Under these authorities, one half of the devise of one half of the estate to Alexander H. McAllister is assumed to have passed to his father, Charles McAllister, and, as he (Charles McAllister) left surviving him a widow, the plaintiff herein, and no descendants, said widow is heir to one half thereof, or one eighth of the entire estate, as the trial court found.

VI.   The mother of the predeceased devisee departed this life many years previous to the death of the testator, and left no heirs.   Section 3382 of the Code provides that:

7. WILLS: con-
struction: sub-
stitution:
course of
descent.

"If heirs· are not thus found, the por-
tion uninherited shall go to the spouse of
the intestate, or the heirs of such spouse if
dead, according to like rules, and if such
intestate has had more than one spouse who either died or
survived in lawful wedlock, it shall be equally divided be-
tween the one who is living and the heirs of those who are
dead, or between the heirs of all, if all are dead, such heirs
taking by right of representation."

Heirs of the mother, Laura McAllister, not having been
found, the widow of the intestate, i. e. the predeceased dev-
isee, took, under this statute, the portion which would have
gone to the mother, Laura McAllister, had she survived the
devisee. The "portion uninherited" is that which would
otherwise have passed to the heirs of the deceased's mother,
and, but for the above statute, must have lapsed. By
"spouse of the intestate" is meant spouse of the person
whose heirs are sought to be ascertained, as entitled to the
property in probate. This conclusion is not inconsistent
with the ruling in *Blackman v. Wadsworth,* 65 Iowa 80; for
all there held was that a widow is not one of the heirs, by
virtue of Sections 3366 and 3379 of the. Code, defining the
widow's share in the estate of which her husband dies
seized.

Section 3382 of the Code contemplates a situation
where, under the statutes preceding it, including Sections
3366 and 3379, no heirs are in existence, and in these cir-
cumstances, declares that the uninherited portion shall go
to the widow of the intestate or her heirs, under the rules
previously enacted. We are content with the decree en-
tered by the trial court. Each party will pay his own costs,
except those for filing and printing abstract and amendment
thereto, which will be paid in equal portions by the widows,
Mechling, and John H. McAllister.—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.