ROSA SCHULTZ, Appellant, v. F. J. SCHULTZ et al., Appellees.

**DESCENT AND DISTRIBUTION:** Wife Not Heir of Husband. A
1   widow is not an "heir" of her deceased husband, within the
meaning of Sec. 3378, Code, 1897, which provides that property
which cannot descend to the son of an intestate because of the
prior death of the son, shall descend to the *heirs* of such pre-
deceased son.

**DESCENT AND DISTRIBUTION:** Non-Dowable Lands. A widow
2   takes no dowable interest in lands which her husband would
have taken had he not predeceased his intestate father. (See
Sec. 3366, Code, 1897; Sec. 3379, Code Supp., 1913.)

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF,
Judge.

MAY 20, 1918.

ACTION in partition. Opinion states the facts. Judg-
ment dismissing plaintiff's petition. Plaintiff appeals.—
*Affirmed.*

*McLaughlin, Shankland & Lappen,* for appellant.

*Lester L. Thompson,* for appellees.

GAYNOR, J.—John Schultz died intestate, in Polk Coun-
ty, November 28, 1916, seized of 360 acres of land. He was
a widower at the time of his death. Two sons were born
to him, Henry Schultz and the defendant,
F. J. Schultz. Henry Schultz, one of the
sons, died intestate and without issue on
the 10th day of November, 1914, leaving a
widow, plaintiff in this suit.

Plaintiff brings this action as widow of Henry Schultz,

alleging that, under the laws of this state, she, as the surviving spouse of Henry, is entitled to an undivided one half of the estate of John Schultz, to the amount of $7,500, and one half of the remainder of said one half, the same as though Henry had outlived his father. She makes also an alternative prayer, and says that, in any event, she is entitled to all the undivided one half of the estate of John Schultz, deceased, to the extent of $7,500, and one sixth of the remainder as an inheritance. She demands judgment confirming her share as above set out, and prays that the real estate be partitioned.

The defendant is the brother of Henry, and the only surviving child of John Schultz. He appeared, and filed a demurrer to plaintiff's claim. This demurrer was sustained, and judgment entered dismissing plaintiff's petition. From this she appeals.

Thus it appears: John Schultz died on November 28, 1916. He was a widower, at the time of his death. His son Henry died two years before, on the 10th day of November, 1914. Henry was married, at the time of his death, and left surviving him the present plaintiff as his widow. The defendant herein is Henry's brother. The other defendant is his brother's wife. At the time of his death, John Schultz was seized of the property in controversy. The widow of Henry brings this action to partition the real estate left by John, claiming an interest therein by reason of the fact that she is the widow of Henry Schultz, deceased. She claims her interest to be the same as if Henry had survived his father.

The question, therefore, for our determination is this: Is the widow of a deceased son, who died without issue before his father, entitled to any portion of the estate left by the father? She claims as heir. She claims it as her inheritance. Whether she claims as heir of John Schultz or heir of Henry Schultz does not affirmatively appear from

her pleading.    She bases her claim on the fact disclosed in her petition, that she is the widow of Henry Schultz, who died two years before his father, John Schultz.    After Henry's death, the only relationship she sustained to John was that of a son's widow.    She must base her right on the fact either that she was the widow of John's son at the time of John's death, and as such, is entitled, by reason of that relationship, to participate in the division of John's property, or she must base it upon the fact that she is the widow of Henry, and is entitled to participate in it as Henry's property.    It is clear that any claim she makes to John's property as John's heir, has no basis to stand on.    We must assume, therefore, that her claim is that, upon John's death, an undivided half of the property passed to Henry, and that she, as Henry's widow, is now entitled to a distributive share in the property, the same as if Henry had outlived his father and had come into the possession of the property and had then died.

Section 3378 of the Code of 1897 provides:

"Subject to the rights and charges hereinbefore provided, the remaining estate of which the decedent died seized shall, in the absence of a will, descend in equal shares to his children, unless one or more of them is dead, in which case the *heirs* of such shall inherit his or her share in accordance with the rules herein prescribed, in the same manner as though such child had outlived its parents."

This, evidently, is the section upon which plaintiff plants herself in this controversy.    Her contention must be, if she would be sustained at all, that John's property, upon his death, would have passed to the two children, had they both been living, share and share alike; that the share which would have passed to Henry, had he been living, passed to his heirs; and that she is one of Henry's heirs, and, therefore, under this statute, entitled to take whatever Henry would have taken, had he outlived his father.

The controversy, therefore, turns upon the construction to be given this section: to wit, that, in case any of the children are dead, the heirs of such dead child shall inherit his or her portion. If she is one of Henry's heirs, then it follows that, Henry being the child of John, and dead, she, as his heir, is entitled to inherit whatever Henry would have inherited had he lived; but if she is not an heir, in contem plation of this statute, then, of course, she takes nothing under this statute. That plaintiff is not an heir, in such sense as to be entitled to take under the provisions of this statute, we think has been settled by the previous decisions of this court. Under a statute smilar in its wording, and the same in its import as the statute here under consideration, it was held that she was not an heir. The first expression of the court touching this question is found in *McMenomy v. McMenomy*, 22 Iowa 148. This decision was followed by this court in *Journell v. Leighton*, 49 Iowa 601, and again in *Will of Overdieck*, 50 Iowa 244, and *Braun v. Mathieson*, 139 Iowa 409. See also *Kuhn v. Kuhn*, 125 Iowa 449; *Phillips v. Carpenter*, 79 Iowa 600.

In *Blackman v. Wadsworth*, 65 Iowa 80, decided in 1884, under Section 2337, Code of 1873, which read as follows: "If a devisee die before the testator, his heirs shall inherit the amount so devised to him, unless, from the terms of the will, a contrary intent is manifest,"—this court held that, if the devisee does not survive the testator, the legacy that would have become a part of his estate, had he lived, and would have been distributed to his widow, does not pass to her as heir, and said:

"If we should hold that the word 'heirs,' as used in Section 2454, includes the widow, we think that we should not only surprise the profession, but invalidate numerous titles which had been supposed to be unquestionable."

See, also, the late case of *McAllister v. McAllister*, 183 Iowa 245.

*Lawley v. Keyes,* 172 Iowa 575, in no way overrules the decisions hereinbefore referred to. That decision was made under the peculiar wording of the statute then under consideration, and that statute provides (Section 3381, Code of 1897), that property coming to the parents from a dead child shall be disposed of in the same manner as if they (the parents) had outlived the child, and died in the possession and ownership of the portion thus falling to their share.

The statute here under consideration provides that, in case of the death of a child before the father, the heirs of such child shall inherit his or her portion. It is plain, from the decisions, that the widow is not the heir of her husband. She takes only, if she takes at all, under the statute that confers on her the right to take. See *Shick v. Howe,* 137 Iowa 249; *Lawley v. Keyes,* 172 Iowa 575.

The plaintiff, not being an heir either of John or Henry, cannot take under the provisions of Section 3378.

Our attention is called to Section 3366 of the Code of 1897, which reads:

"One third in value of all the legal or equitable estates in real property possessed by the husband at any time during the marriage, * * * shall be set apart as her property in fee simple, if she survive him."

2. DESCENT AND DISTRIBUTION: non-dowable lands.

Code Section 3379 provides:

"If the intestate leaves no issue, one half of the estate shall go to the parents, and the other half to the spouse."

This last section was repealed, and the following enacted in lieu thereof:

"If the intestate leaves no issue, the whole of the estate to the amount of seventy-five hundred dollars, after the payment of the debts and expenses of administration, and one half of all of the estate in excess of said seventy-five hundred dollars shall go to the surviving spouse and

the other one half of said excess shall go to the parents."
Section 3379, Code Supplement, 1913.

Section 3366, above set out, and this last named sec-
tion must be construed together. The estate referred to in
Section 3379, Code Supplement, is the estate in which,
under Section 3366, the wife is entitled to dower: to wit,
"all the legal or equitable estate in real property possessed
by the husband at any time during marriage." If there
are children, she takes a one-third interest in all legal and
equitable estate possessed by the husband at any time
during marriage. If there are no children, she takes the
whole of the estate to the amount of $7,500, and one half
of the balance, if there be such. But the estate referred to
in the above sections is the estate possessed by the hus-
band during marriage. In no other property does she ac-
quire any interest as widow, and in no other property is
she entitled to a distributive share. In *O'Connor v. Halpin,*
166 Iowa 101, the word "possessed," as used in this statute,
was considered, and it was held that the word "possessed"
relates to the estate in the property, and not to the prop-
erty itself, and that it is equivalent to "seized." There is
no heir to the living. Henry, then, at no time during his
life became seized or possessed of either a legal or equitable
estate in the land, and at his death had no legal or equitable
estate in the land, and, therefore, nothing could pass to this
plaintiff, under the provisions of Section 3366, above set
out, or under Section 3379 of the Supplement. He had no
share in his father's lands, either legal or equitable. As
Henry had neither a legal nor an equitable estate in these
lands at the time of his death, there was no estate to which
the right of the wife, under this statute, could attach. The
estate referred to in Section 3379, Code Supplement, must be
the estate of which he was legally possessed at the time of
his death. Since Henry, at the time of his death, had nei-
ther a legal nor an equitable estate in his father's property,

there was no estate in Henry to which the wife's dower could attach,—no estate, then, in which she could claim a distributive share. He had nothing. The estate which came from his father upon the father's death, Henry being, dead, passed to Henry's heirs, and plaintiff is not one of them. So it is apparent that under neither statute is she entitled to an interest in this land. There was no dowable interest in the land at the time of Henry's death. The title was in the father. Upon the father's death, it passed to the heirs of Henry, and, as said before, passed as the statute directs.

Our attention is called to *Smith v. Zuckmeyer,* 53 Iowa 14, and it is claimed that it is authority for a holding that this widow is the heir of Henry. At that time, the statute provided that one third in value of all the legal or equitable estates in real property possessed by the husband, etc. (the same as the statute now provides), should be set apart for her in fee simple, if she survived him. Another section provided that, "if the intestate leave no issue, the one half of his estate shall go to his parents, and the other half to his wife." In that case it was held that the distributive share of the widow contemplated by these statutes is one third, and that much only is protected from any disposition by the husband, by will or otherwise; and the one sixth share going to make the half in the event there are no children, was not entitled to the same protection that the one third enjoyed, but might be willed by the husband, and was liable for his debts, and subject to the disposal of the husband during his lifetime. Whatever the widow got, even under this construction of the statute, she took under and by virtue of the statute, and not as heir. Of course, the word "heir" is used in connection with the widow in these cases, and reference is made to what is said in *Burns v. Keas,* 21 Iowa 257. But the holding of these cases simply is that, taking under either statute, the wife takes by

virtue of the statute; that the one third given her is protected. The one sixth is not. If no disposition is made by the husband during his lifetime, by will or otherwise, of the one sixth, and there are no debts to which it may be subjected, she takes the half, not as heir, but by virtue of the statute referred to. These cases afford no support to the plaintiff's claim that this widow could take as heir.

*Wilcke v. Wilcke,* 102 Iowa 173, *Hays v. Marsh,* 123 Iowa 81, and *Wild v. Toms,* 123 Iowa 747, though saying in words that she takes as heir, simply held that the one third that she takes under the first statute is all that is protected against the action of the husband, and that the one sixth, going to make the half, does not have such protection. But it is clear that, under either, the third or half, whichever she gets, she takes, not as heir, but by virtue of the statute. She takes a third of the real estate of which her husband was the legal or equitable owner during marriage, absolutely free from any right, on his part, to dispose of or in any way impair that right; while the one sixth, which goes to make up the half, she takes also under statute, but subject to the right of the husband, during his lifetime, to make disposition of it, and subject to debts, charges, etc. We think there was no intention in any of these decisions to hold, as a general proposition, that the widow is, in any sense, the heir of her husband.

Upon the whole record, we think the judgment of the court is right, and the same is—*Affirmed.*

PRESTON, C. J., WEAVER and STEVENS, JJ., concur.