JOURNELL v. LEIGHTON ET AL.

1. **Descent**: INHERITANCE FROM CHILD. Section 2454 of the Code does not authorize the widow to inherit from the children of her child who died before the death of her husband. Following *McMenomy v. Mc-Menomy*, 22 Iowa, 148.

*Appeal from Lee Circuit Court.*

THURSDAY, DECEMBER 5.

THE plaintiff filed her petition, stating as follows:

"September 12, 1839, she was lawfully and duly married unto the said decedent, Bernard Slaven, and thereafter lived and cohabited with him as his lawful wife. November, 1840, a daughter was born unto her and the said Bernard Slaven, as the lawful issue of said marriage, who was named Catharine Ann Slaven.

"September 18, 1842, a son was born unto her and said Bernard Slaven, as the lawful issue of said marriage, who was named Christopher Slaven. The said Catharine Ann and Christopher were the only children the said Bernard Slaven ever had. She always demeaned herself unto said Slaven as a loving and affectionate wife, and faithfully performed unto him all the duties of a wife. Yet at the end of about four years from the date of their marriage he wilfully deserted her, leaving her, with her infant children, wholly destitute, both of the common necessaries of life and of the means to procure same; and this without any good cause known to her; but she believes it was in consequence of financial embarassment in his business. From that time forward the place of abode of said Bernard Slaven was and always remained unknown to her, and he never contributed in any, even the least, degree to the support of their said children, and she knew not whether he was alive or dead.

"November 22, 1845, for the purpose of freeing herself

from a state of doubt and uncertainty, and from the disabilities of a coverture which had no advantages, but many disadvantages and disabilities, which made it more difficult to provide for her said children, she filed a petition in the Court of Common Pleas of the county of Champaign and State of Ohio, praying that the marriage between her and the said Bernard Slaven be dissolved.

"At the March Term (1846) of said court, on the 31st day of March, 1846, the said court made and entered a decree dissolving such marriage; but no alimony was then or ever allowed her from said Slaven. Thereafter, as well as theretofore, she alone, without any assistance from said Slaven, maintained and educated the said children of said Slaven, both of whom grew to maturity. The said Christopher became a Union soldier in the great rebellion, and lost his life about 1863, in the defense of his country. The said Catharine Ann Slaven was married and became the mother of two children, and the said Catharine Ann died about 1861 or 1862, and shortly thereafter her two children died on or about the year 1862 or 1863. She is the sole heir of said Christopher, of said Catharine Ann, and of the said two children of said Catharine Ann. The said Bernard Slaven died August 14, 1874, at the city of Keokuk, Iowa. Prior to the death of said Bernard she married again to her present husband. Wherefore she prays that she be declared and adjudged to be the sole heir of the said Bernard Slaven, and as such entitled to receive all the assets of his said estate, after the payment of his debts and the costs of the administration, and that the court order the administrator to pay over to her all of said estate so remaining."

To this petition the respondent demurred, as follows:

"1. It does not show a substantial cause of complaint, or action or claim.

"2. The averments of said petition do not show that she (said Elizabeth Journell) is an heir of said Bernard Slaven, or is entitled to recover or receive any portion of his estate.

"3. Said petition does not show that said Elizabeth Journell is an heir, or has any right in the estate of said Bernard Slaven."

The court sustained the demurrer. The plaintiff appeals.

*Joseph G. Anderson,* for appellant.

*Miller & Sons, Craig & Collier* and *Gillmore & Anderson,* for appellees.

DAY, J.—Appellant bases her claim upon section 2454 of the Code, which is as follows: "If any one of his children be dead, the heirs of such child shall inherit his share, in acordance with the rules herein prescribed, in the same manner as though such child had outlived his parents."

1. DESCENT: inheritance from children.

It is conceded by appellant's counsel that a construction was placed upon this statute different from that for which he contends in *McMenomy v. McMenomy,* 22 Iowa, 148, and is impliedly admitted that, to reverse this case, the decision in that must be overruled. That case establishes a rule of property. It has been acquiesced in for more than ten years. Many titles, it may well be supposed, have been acquired under and rest upon it. Right or wrong we would not now be justified in departing from it, and introducing the confusion which would result from the establishment of a different rule. If any different rule is now to obtain, it must be provided by the legislature. In saying this we are not to be understood as intimating that the rule established is wrong, nor that it ought to be changed.

AFFIRMED.