LASH v. LASH ET AL.

1. **Descent:** INHERITANCE: WILL. Where a person died intestate without wife or issue, both parents being dead, *held*, under section 2457, Code, that his property never constituted any portion of his father's estate; that the persons inheriting took directly from the intestate; and that the heirs of a deceased sister, cut off by the father's will, inherited, unaffected by the will.

*Appeal from Woodbury Circuit Court.*

MONDAY, OCTOBER 24.

THE plaintiff Thomas B. Lash, claims to be the owner of an undivided three-fourths of certain land in Woodbury county, and brings this action to quiet his title to the same. The defendants for answer admit that he is the owner of an undivided fraction of the premises, but they deny that his fraction amounts to three-fourths. The defendant William A. Lash, and certain other defendants filed a cross-petition in which they claim to be the owners jointly of an undivided half of the premises, and ask that their title be quieted to the same. The defendant F. C. Hanser, and certain other defendants filed a cross-petition in which they claim to be the owners jointly of one undivided tenth part of the premises, and ask that their title be quieted to the same. The court decreed the plaintiff to be the owner of an undivided six-tenths of the premises, and William A. Lash, and the others joining with him in his cross-petition, the owners jointly of an undivided three-tenths of the premises; and F. C. Hanser, and the others joining with him in his cross-pe-

tition, the owners jointly of an undivided one-tenth of the premises, being the amount claimed by them. The plaintiff and William A. Lash and the others joining with him in his cross-petition appeal, the plaintiff perfecting his appeal first.

*Chase & Taylor*, for plaintiff, appellant.

*J. H. Swan*, for defendants, appellants.

*Joy & Wright*, for appellees.

ADAMS, CH. J.—The question presented calls for the construction of the statute pertaining to the descent of real property. All the parties claim through Isreal G. Lash, who died in 1878, intestate, without wife or issue, and seized of the property in controversy. His parents were Christian and Anna Lash, both of whom died before him.

**1. DESCENT: inheritance: will.**

Where a person dies intestate without issue and both parents are dead, the portion which would have fallen to their share if they had been living, shall be disposed of in the same manner as if they had out-lived the intestate and died in the possession and ownership of the portion thus falling to their share. Code, section 2457. If the intestate's parents had outlived him each would have taken one-half of his estate. Code, section 2455. One-half of the intestate's estate then would have gone to his mother, Anna Lash, if she had out-lived him, and upon her death it would have gone to the plaintiff, who is her only heir. As to that half there is no controversy.. The controversy arises as to the disposition that should be made of the half which would have gone to the intestate's father. He left two children by his first wife, Elizabeth and Philopena, both of whom died, leaving issue. He left three children by his second wife, two of whom died, leaving issue, and one died without issue. He left two children by his third wife, Anna, the plaintiff Thomas B. Lash, and the intestate. He left a will whereby he devised one-third of his property to his wife Anna Lash, who survived him, and the remainder to his children in

equal shares, except Philopena. To her he gave nothing on account of previous advancements. The plaintiff claims the one-half which would have gone to the mother of himself and the intestate, and about which there is no controversy. He also claims one-third of the one-half which would have gone to his father, because his father devised one-third of his property to his wife, the plaintiff's mother. He also claims one-fourth of the remaining two-thirds of the one-half which would have gone to his father, because he is one of four devisees of his father who have either survived or died leaving issue. The whole amount claimed is three-fourths. The court below gave him six-tenths. As there was no controversy in regard to the one-half which would have gone to the mother, the court must have given him one-fifth of the one-half which would have gone to his father. In doing so the court must have disregarded the father's will, and ignored the fact that the father's wife Anna, survived him. In doing this we think the court did not err. The estate in question never constituted any part of Christian Lash's estate and was therefore never affected by Christian Lash's will. As the estate in question never constituted any part of Christain Lash's estate, no part thereof ever passed from Christian Lash to Anna Lash by inheritance, distribution, or otherwise. Whatever the plaintiff or any other heir of the intestate takes he takes directly from the intestate and not otherwise. Nothing in fact intervenes between the death of the intestate and the transmission of his estate to his heirs. The survivorship of the parents is a fiction. We suppose it to determine the descent. For that purpose we need suppose it as continuing only for an instant. Both parents are to be supposed as then dying in the ownership of the property, which would have gone to them respectively. Neither is to be supposed as taking from the other, because in fact neither has anything which the other can take. It is immaterial which of the parents died first or whether the one which died first died testate or intestate.

The plaintiff relies upon *Moore v. Weaver*, 53 Iowa, 11. In that case the intestate died without issue and both of his parents had died before him. The father, however, before his death married the plaintiff. It was held that she was entitled to one-third of the one-half which would have gone to the intestate's father. But it is manifest that she did not take from the intestate's father but from the intestate. Under that decision a step-mother inherits from a step-child, or becomes a distributee of his estate, where the father of the child has previously died. If she had died before the intestate although after her husband, the intestate's father, her heirs would have taken nothing through her. She survived both her husband and the intestate. It was thought that under the statute she became distributee. Whether that decision is right or wrong it does not sustain the plaintiff's position.

The defendant William A. Lash and the others joining with him in his cross-petition, while admitting that the amount allowed the plaintiff is correct, claim that they are entitled to the remainder, and that nothing should have been allowed to F. C. Hanser and others joining with him in his cross-petition, all heirs of Philopena Lash, deceased. The theory of William A. Lash, and those joining with him, is that as Christian Lash cut off by his will his daughter Philopena from all participation in his estate, her heirs cannot inherit from the intestate, because to do so they must inherit through their mother as well as through her father, Christain Lash, and that would be in contravention of the will. But as we have already seen the heirs of Philopena inherit directly from the intestate.

In our opinion the judgment of the Circuit Court should on both appeals be

AFFIRMED.