Leonard v. Lining.

## LEONARD v. LINING.

1. **Estate:** DESCENT: RIGHTS OF PARENTS. Where a child survived his father, but died without issue before the death of his grandfather, from whom the property was derived, it was held that he never had any vested estate in the property, and that his mother, surviving, would take nothing by descent. Parents succeed only to the estate which the child has at the time of his death.

*Appeal from Wapello Circuit Court.*

WEDNESDAY, MARCH 22.

THE plaintiff, as administrator of the estate of Moses Leonard, deceased, instituted this proceeding, praying an order barring the defendant, Mary Lining, from any right in said estate, and directing distribution to the representatives of Wilson Leonard, a deceased son of Moses Leonard, former husband of Mary Lining. The defendant, Mary Lining, claims that as the widow of Wilson Leonard she is entitled to one-

third of the share of Wilson in the personal estate of Moses Leonard. She further claims the share of Francis M. Leonard, deceased, a son of herself and Wilson Leonard, who died before his father. The court allowed the claim of the defendant to the share of her deceased son, and denied her claim as the widow of Wilson Leonard.

Both parties appeal. The facts are stated in the opinion.

*Hutchison & Tisdale,* for the plaintiff.

No argument for the defendant.

DAY, J.—Moses Leonard died in 1878, leaving surviving him six children. Wilson Leonard, a son of Moses Leonard, died in 1852, leaving the defendant, his widow, and one daughter, and two sons, one of whom, Francis M. Leonard, died in 1864. From the statement it appears that both Wilson Leonard, the son, and Francis M. Leonard, the grandson, died before Moses Leonard, but that Francis M. Leonard was living at the time of the death of his own father, Wilson Leonard. The court allowed the defendant the share which would have gone to her son, Francis M. Leonard, if he had survived his grandfather. Section 2454 of the Code is as follows: "If one of his children be dead, the heirs of such child shall inherit his share in accordance with the rule herein prescribed, in the same manner as though such child had outlived his parents."

In order to properly apply this section to the facts of this case we must suppose Wilson Leonard to have outlived his father, Moses, and to have died subsequently to 1878. At that time Francis M. Leonard was dead, without issue. If Francis had left issue, a different question would be presented, as such issue might have become entitled to the share which would have fallen to their father if he had been living when Moses Leonard died. But sections 2455 and 2456 of the Code provide, in effect, that if the intestate leave no issue nor wife, his *estate* shall go to his

parents, if living, and if one of his parents be dead, to the survivor. Now, under the doctrine of *Lash v. Lash*, 57 Iowa, 88, Francis M. Leonard never had any estate in this property. He died before the death of his grandfather, from whom the property is derived, and the property never vested in him. If the statute provided that if one of the children be dead without issue the share which would have gone to him, if living, should go to his parents, the parents would be placed upon the same ground as to inheritance as the children. But the statute does not so provide. It simply provides that in the absence of issue the estate of a child shall go to the parents. No provision is made that the parents shall take unless the intestate leave an estate. Francis M. left no estate, and hence there was nothing which his mother, under the statute, could take from him. As Francis M. Leonard was dead without issue when his grandfather, Moses Leonard, died, the share which would have gone to Wilson Leonard if he had survived his father must be distributed just as if Francis M. had never had any existence. The case of *Moore v. Weaver*, 53 Iowa, 11, is not inconsistent with this view. In that case the intestate died seized of an estate in fact.

As the defendant has submitted no argument, the errors assigned on her behalf are regarded as waived, and her appeal as abandoned. Upon the plaintiff's appeal the judgment is

REVERSED.