APPLICATION OF THE STATE TO SUBJECT PROPERTY OF SAID ESTATE TO A COLLATERAL INHERITANCE TAX v. W. B. KILER, Administrator of Said Estate, Appellant.

IN RE ESTATE OF WM. M. HULETT, Deceased.

Inheritance Tax: PREDECEASED DEVISEE: COLLATERAL HEIRS.    A son devised property to his mother, who died before the death of the testator, leaving as Heirs a brother and sister of testator. *Held*, that, upon the death of testator the devised property passed directly from him to his brother and sister as collateral heirs, and not through their mother, and thus became subject to the collateral tax under Code section 1467.

*Appeal from Montgomery District Court.*—HON. O. D. WHEELER, Judge.

TUESDAY, OCTOBER 20, 1903.

PROCEEDINGS to compel the payment of a collateral inheritance tax, under Code, section 1467, upon certain real estate situated in Montgomery county.    The lower court held the property to be subject to the payment of the tax, and the administrator of the estate of the deceased owner appeals.—*Affirmed.*

*C. E. Richards* and *P. W. Richards* for appellant.

*Chas. W. Mullan*, Attorney General, for appellee.

McCLAIN, J.—In 1895, Sarah J. Hulett and William M. Hullett, her son, executed wills, each devising all of his or her property to the other. Sarah J. Hulett died in February, 1901, seised of the property in question in this case. William M. Hulett died in May of the same year, possessed, therefore, by the devise from his mother, of the fee-simple title to such property. Charles E. F. Hulett and Alma Johnson are the only children of Sarah J. Hulett surviving the death of the son William M. Hulett. Under the provision of Code, section 3281, that "if the devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest," the real property in question passed from William M. Hulett, on his death, to his brother and sister, who took as heirs of the mother, the deceased devisee under the will of William M. Hulett. It is provided by Code, section 1467, that "All property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state * * * to any person, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, lineal descendants, * * * shall be subject to a tax of five per centum of its value above the sum of one thousand dollars, after the payment of all debts, for the use of the state." The precise question raised in the lower court, and now presented here, is whether the real estate in question passed directly from William M. Hulett to his brother and sister and therefore to collateral heirs and is subject to the inheritance tax, or whether it is to be considered as having passed from the mother of William M. Hulett devisee under his will deceased before his death to such persons as her descendants and therefore under the language of the statute exempt from the inheritance tax.

The solution of this question depends upon a construction of Code section 3281 above quoted. This section was passed in pursuance of the general policy which has been recognized in England and many of the states of the Union to change the common law as to construction of wills, by which a devise to one who was deceased at the time of the death of the testator was regarded as lapsing and becoming ineffectual, so as to preserve the devise to a greater or less extent for the benefit of persons who would presumably have enjoyed the benefits of such devise had the devisee survived the death of the testator and died immediately afterward. The language of the various statutes, however, has not been uniform as to the persons who shall enjoy the benefits of the devise. In England the provision is that, if a devise is made to a child of testator, who dies before the death of such testator, leaving issue surviving at the time of the death of such devisee, the devise shall not lapse, but take effect as if the death of such person had happened immediately after the death of the testator. *In re Scott*, Deceased [1900] 1 Q. B. D. 372; *Johnson v. Johnson*, 3 Hare, 157. And the New Jersey statute seems to be similar. *Denise's Ex'rs v. Denise*, 37 N. J. Eq. 163. But it is to be noticed that our statute is framed in different language. The devised property does not go to the children of the predeceased devisee as though he had survived the testator, but his heirs inherit it. This change of statutory form avoids many difficulties which have arisen in England and in other states with reference to the disposition of a devise to a predeceased devisee, and, as we think, makes the disposition of the property analogous to that provided for by Code, sections 3378, 3381, with reference to inheritance by right of representation. Under those sections real estate descends in equal shares to decedents' children, unless one or more of them is dead, in which case the heirs of a child who is dead inherit his share as though such child had outlived

the deceased; and, if no descendants survive, and the
parents are also deceased, who would have taken in the ab-
sence of children of deceased had such parents survived
the deceased, the portion which would have fallen to the
parents is to be disposed of in the same manner as if the
parents had outlived the intestate and died in the posses-
sion and ownership of the portion thus falling to their
share.    Under these sections it has been held that, al-
though, for the purpose of determining the descent of
property, a deceased child, or a deceased parent, in case
there are no descendants, is to be regarded as having sur-
vived the decedent, nevertheless the property passes
directly from the decedent to the persons who are deter-
mined to be his heirs by the application of these rules, and
that the heirs thus taking do not take through the deceased
person who is thus assumed to have survived for the pur-
pose of determining their relationship.    *Lash v. Lash,* 57
Iowa, 88; *Leonard v. Lining,* 57 Iowa, 648; *In re Will of
Overdieck,* 50 Iowa, 244; *McMenomy v. McMenomy,*
22 Iowa, 148; *Journell v. Leighton,* 49 Iowa, 601; *Wilcke v.
Wilcke,* 102 Iowa, 173.    Therefore, had William M. Hulett
died intestate, the property in question in this case would
have passed to his brother and sister directly, and not in
any sense through their mother, and it would unquestion-
ably have been subject to a collateral inheritance tax,
under the section of the Code which we are now considering.

Under the will the property passed from testator to
some one—certainly not to his mother; and was derived
by his brother and sister from some one—certainly not
from their mother.    That the interest taken by the heirs
or representatives of a predeceased legatee or devisee
under a statutory provision such as we are now consider-
ing is not taken by them as representatives or heirs of the
deceased legatee or devisee, but by reason of their relation
to the testator, as created by the language of the statute,
has been the conclusion reached by almost all the courts

in this country which have had occasion to consider such a statute as ours. Thus, in *Jones v. Jones' Ex'r*, 37 Ala. 646, it is held that a legacy or devise to a deceased legatee or devisee passes directly to his children or descendants under the statute, and that the surviving widow takes no distributive share thereof. And in *Carson v. Carson's Ex'r*, 1 Metc. (Ky.) 300, it is held that the children of a devisee or legatee who dies before the testator take under the statute the estate devised in the will to their father, directly and immediately in their own right, and not subject to any charge on account of the debts due by the father to the testator, not mentioned in the will. In *Mann v. Hyde*, 71 Mich. 278 (39 N. W. Rep. 78), it is held that under such a statutory provision the legacy does not become a part of the deceased legatee's estate, but passes to his issue as direct beneficiaries; and to the same effect see *Glenn v. Belt*, 7 Gill & J. 362; *Wallace v. Du Bois*, 65 Md. 153 (4 Atl. Rep. 402); *Cook v. Munn*, 65 How. Prac. 514; *In re Hafner*, (Sup.) 61 N. Y. Supp. 565. The conclusion reached in *Denise's Ex'rs v. Denise*, 37 N. J. Eq. 163, is apparently inconsistent with the rule here stated, but in *Suydam v. Voorhees*, 58 N. J. Eq. 157 (43 Atl. Rep. 4), the same court reaches the conclusion that even under the New Jersey statute, which, as already suggested, much more closely resembles the English statute than does ours, the legacy or devise passes directly to the children of the legatee or devisee, and not by fiction through the deceased legatee or devisee. We have not had occasion directly to interpret our statute in this respect, but we have held that the widow of the deceased devisee or legatee takes no interest in the legacy or devise. *Blackman v. Wadsworth*, 65 Iowa, 80. In that case the court construed the word "heir," as used in this section of the statute, so as to exclude the widow of the devisee, and include his brother and sister. We are not now concerned with the question whether the widow of the deceased devisee

should be deemed one of his heirs within the language of the statute, but clearly the reasoning of the court in that case is consistent with no other theory than that the persons who take the interest of a deceased legatee or devisee derive their interest under the will directly from the testator.

The practical effect of the rule which appellant contends for, and which would require us to treat the land referred to in this case as passing from the mother, the deceased devisee, to her son and daughter, the brother and sister of testator, may well be considered as throwing some light on the construction of the statutory provisions as to collateral inheritance. If appellant's theory is correct, then, if testator devises land to one not related to him in any way, and who, if he took under the will, would take subject to the collateral inheritance tax, but by reason of the death of the devisee before the testator such devise passes to the children of the devisee, then there would be no collateral inheritance tax to be paid; whereas, on the other hand, if he devises land to a son, and by reason of the death of such son before the will takes effect the property passes to the brothers and sisters of such son —that is, his own children—nevertheless an inheritance tax would be imposed. Such cannot have been the intention of the legislature. Evidently the controlling consideration was intended to be whether the property passes from testator to his descendants, parents, or wife, on the one hand, or whether it passes to persons to whom he is less closely related; and the purpose of the statute will be carried out by construing the relationship of the testator and the persons to whom the property actually passes, and not their relationship to the person named in the will as legatee or devisee.

Our conclusion is that the property with reference to which this proceeding was instituted passed from the testator to his brother and sister, and therefore is subject to the collateral inheritance tax, and the judgment of the lower court is therefor AFFIRMED.