WILBUR WHITNEY et al., Appellees, v. FRANK A. WHITNEY
et al., Appellants.

WILLS: After-Acquired Property—Intent—Devise of Residue—
Effect. A will devising and bequeathing "all the rest, residue
and remainder of my property, real, personal or mixed, of what-
soever kind or nature," disposes of testator's subsequently acquired
real estate, seisin, at the time of making a will, being no longer
necessary, in view of Section 3271, Code, 1897.

PRINCIPLE APPLIED: Testator made a will giving certain
personal property to a son, and "all the rest, residue and re-
mainder of my property, real, personal or mixed, of whatsoever
kind or nature" to his then wife. Subsequently, and prior to the
death of testator, her husband, this wife died, intestate, seised of
300 acres of land. The husband took, and died seised of, one third
of said 300 acres. When he died, he left three sons by his first
wife and two sons by the second wife (devisee above named).
*Held*, the will carried his dower interest in his second wife's prop-
erty, and that all of said interest, under Section 3281, Code, 1897,
would go to the two sons by his second wife, they being *her* sole
heirs.

*Appeal from Lee District Court.*—H. BANK, JR., Judge.

. SATURDAY, OCTOBER 21, 1916.

A demurrer to the petition was overruled, and, as defend-
ants elected to stand on the ruling, decree was entered as
prayed. Defendants appeal.—*Affirmed.*

*W. J. Roberts*, for appellants.

*Wm. McEniry* and *Ralph B. Smith*, for appellees.

LADD, J.—Catherine Whitney died April 2, 1912, and her
husband, June 7th of the year following. She was seized
of about 300 acres of land, and, as she left no will, he took
an undivided one third thereof, as his dis-
tributive share. He had made a will in 1907,
which was admitted to probate. It first
directed payment of debts and funeral expenses, and

WILLS: after-
acquired prop-
erty: intent: de-
vise of residue:
effect.

"Second: I give and bequeath to my son, Wilbur W. Whitney, all my steamboats, flat boats, and other appurtenances now owned by me, or hereafter acquired, and owned by me at the time of my decease, and belonging or appertaining to what is known as the 'Whitney Fleet,' to have and to hold the same and the same to be owned and possessed by him, his heirs' and assigns as his and their absolute property forever.

"Third: All the rest, residue and remainder of my property, real, personal or mixed, of whatsoever kind or nature, and wheresoever situated, I give, devise and bequeath to my wife Catherine Whitney, to have and to' hold to her, and her heirs and assigns forever.".

Then followed the nomination of Catherine as executrix without bond, and the revocation of all former wills. The plaintiffs, Wilbur and Arthur Whitney, children of testator by Catherine, are her sole heirs, and, as such, claim the distributive share taken by testator, under the third clause of the will, on the theory that it gave to her all property he acquired after the making of the will. The defendants, Frank A., Henry B., and Charles S. Whitney, are sons of testator by a former marriage, and they contend that the third clause of the will does not devise to the wife the after-acquired real estate, and that each is entitled to one fifth of the distributive share of the testator in the land. This is the only issue raised by the ruling on the demurrer to the petition, and depends on whether Catherine Whitney would have taken the distributive share owned by testator, had she outlived him; for—

"If a devisee die before the testator, his heirs shall inherit the property devised to him, unless from the terms of the will a contrary intent is manifest." Section 3281, Code, 1897.

Nothing in the will indicates "a contrary intent;" and therefore the heirs of Catherine took under the will whatever she would have received, had she survived the testator. *In re Hulett's Estate,* 121 Iowa 423. Section 3271 of the Code, 1897, declares that "property to be subsequently acquired may be

devised, when the intention is clear and explicit.'' This statute abrogated the common-law rule, exacting seizure of real estate at the time of making the will, as a condition precedent to such disposition thereby, and conferred—

"upon the testator the same power with reference to the disposal of both classes of property which had formerly existed with reference to the disposal of personal property. The same rules of construction should therefore be now applied, in determining whether subsequently acquired real estate passes by devise, which before the enactment of the statute were applied in determining the same question with reference to personal property, unless the words, 'when the intention is clear and explicit,' as contained in the statute, modify or change them. We are of the opinion, however, that no new rule of construction is created by this provision. The meaning of the section is, we think, that subsequently-acquired property shall be held to pass by the bequest whenever the intent of the testator to have it so pass is fairly to be inferred from the provision of the will, when construed according to the established rules for the construction of such instruments; and it is not necessary that the intention be expressed in direct language.'' *Briggs v. Briggs,* 69 Iowa 617.

In that case, the testator bequeathed to two daughters "the remainder of all my personal property and the whole of my real estate to be divided between them share and share alike.'' Specific devises had been made to other children, and the court said:

"Bequests in this form, of the residue of the estate, have always been held to carry the residuum of all the personal property owned by the testator at the time of his death. As to that class of property the rule is that the will speaks from the time of the death, and not from the date of its execution. . . . The reason of this rule is found in the very nature of the testamentary act. By that act the testator makes a disposition of his property which is to take effect at his death. His language necessarily relates to that time, and he speaks

in anticipation of that event. When he declares it to be his will that the residuum of his estate shall pass to a named legatee, the only reasonable inference from his language is that he intends that the person named shall take the residue of all the property of which he shall be possessed at the time of his death. It was not the intention of the legislature in enacting the statute in question to change the rule; but it was enacted for the purpose of extending the operation of the rule, and making it applicable to real as well as personal property.''

The decisions cited, and others collected in a note to *Wright v. Masters* (Ohio), 18 Am. & Eng. Ann. Cas. 165, 171, fully sustain the conclusion reached. In *Flynn v. Holman,* 119 Iowa 731, there was no general devise of land nor residuary clause, and an after-acquired tract of land was held not to pass thereunder. In *Luers v. Luers,* 145 Iowa 600, the devise was of specific tract, ''also including all other land now owned by me,'' and the court held this to include after-acquired real estate. In the case at bar, the residuary clause gave to Catherine Whitney ''all the rest, residue and remainder of my property, real, personal and mixed, of whatsoever kind or nature and wheresoever situated.''

This clause is as general and inclusive in terms as that construed in *Briggs v. Briggs* and *Flynn v. Holman;* and, if these are to be followed, must be construed as intending to dispose of all realty of which he died seized. A general devise of all real estate is held to evidence an intent to pass after-acquired realty included in the generic description, and nothing in the case at bar exacts an exceptional ruling. On the contrary, after-acquired personal property was bequeathed to the son; and, as the testator is presumed, in executing his will, to have intended the disposition of his entire estate, he must have entertained the same purpose with respect to real property. Having entertained such a design, he may well have adopted language broad enough not only to dispose of his property should his wife survive him, but also, when construed

in connection with Section 3281 of the Code, to pass the same to her heirs in event of her decease first. The third clause of the will gave all real estate of which he might die seized to his wife, if she should survive him, and, by operation of law, to her children, if she died first; and, as the language employed is clear and unequivocal, we are not permitted ·nor inclined to defeat the design so expressed by imagining that he must not have anticipated the contingency of her decease first. The distributive share enjoyed by the testator came from her estate, and, under this construction, appropriately is taken under the will by her children.—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.