STATE OF IOWA, Appellee, v. ESTATE OF PHILIP GOETTELMAN,
Appellant.

**TAXATION:**    Collateral Inheritance Tax—Devise Passing to Adopted
Son of Predeceased Devisee.    A devise of personalty which passes
directly to the adopted son of a devisee because the devisee pre-
deceased the testator, is subject to a collateral inheritance tax.    (Sec.
1481-a1, Code Supp., 1913.)

*Appeal from Winneshiek District Court.*—W. J. SPRINGER,
Judge.

DECEMBER 13, 1921.

ACTION to determine whether certain personal property is
subject to a collateral inheritance tax. Finding and judgment
in favor of the State.—*Affirmed.*

*E. R. Acres,* for appellant.

*J. A. Nelson,* for appellee.

STEVENS, J.—This case was tried in the court below upon an
agreed statement of facts, from which it appears that Philip
Goettelman died testate in Winneshiek County, May 8, 1919,
and that by the terms of his will he bequeathed $2,122.37 to his
son Philip, who predeceased his father, leaving surviving him his
widow and Herbert Goettelman, an adopted son.

The sole question presented for our decision is whether the
portion of the estate bequeathed to the deceased legatee that went
to his adopted son is subject to the payment of the collateral in-
heritance tax. This question is fully answered by our former de-
cisions.   Under Code Section 3281, which provides that, "if
a devisee die before the testator, his heirs shall inherit the
property devised to him, unless from the terms of the will a
contrary intent is manifest," the bequest to the predeceased
legatee did not lapse, but passed directly from the testator to
the heirs of the deceased legatee.

Section 1481-a1 of the 1913 Supplement provides that:

"The tax imposed by this act shall not be collected * * *

(3)   When the property passes to the father, mother, lineal descendant, adopted child, or the lineal descendant of an adopted child of decedent."

Herbert Goettelman, the adopted son of the deceased legatee, was not a lineal descendant or adopted child of the testator, and therefore, as he took directly from the testator, whatever he received as the heir of his adopted father is subject to the payment of the collateral inheritance tax.   The facts stipulated bring the case squarely within our holding in the following cases:  *In re Estate of Hulett*, 121 Iowa 423; *Lawley v. Keyes*, 172 Iowa 575; *Tennant v. Smith*, 173 Iowa 264; *Whitney v. Whitney*, 178 Iowa 117; *McAllister v. McAllister*, 183 Iowa 245.

It follows that the judgment of the court below is—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.