BELLE BOYD et al., Appellees, v. ANNA FEEDAN et al., Appellees;
MARSHALL QUAM, Intervener, Appellant.

**DESCENT AND DISTRIBUTION:** Living Children and Grandchildren.
Intestate property, in excess of cost of administrators and of dower,
if any, descends to such of testator's children and to such heirs of
a predeceased child of testator *as are living at the time of testator's
death.*

*Appeal from Hardin District Court.*—H. E. FRY, Judge.

JANUARY 10, 1922.

THE opinion states the nature of the case and the material
'facts.—*Affirmed.*

*C. H. E. Boardman* and *Peisen & Soper,* for appellant.

*Aymer D. Davis,* for appellees.

WEAVER, J.—On February 20, 1920, Anna O. Feedan died
intestate, seized of certain real estate in Hardin County, Iowa.
The deceased was a widow, and left surviving her several liv-
ing children, who are parties to this action. She was prede-
ceased by a daughter Julia, who had married one Quam, the
intervener herein. This daughter left one child, Olvare Quam,
who also died an intestate· minor, in the lifetime of the said
Anna O. Feedan. In April, 1920, the plaintiffs, two of the
children of said Anna O. Feedan, brought this action for parti-
tion of the lands of the deceased, naming as defendants the other
surviving children of their mother. There is no controversy
between plaintiffs and defendants as to their respective shares
or interests in the property, the· sole issue raised being upon the
intervention of Quam, surviving husband of Julia, daughter of
Anna O. Feedan. Basing his claim upon the conceded fact that
Julia was his wife and the daughter of Anna O. Feedan, that
Julia left a surviving child, and that said child died, leaving
the intervener his only heir, he asserts title to a one-sixth part

of the lands sought to be partitioned. The trial court found against the claim so made, dismissed the petition of intervention, and decreed partition of the entire estate in said lands among the living heirs of Anna O. Feedan. The intervener appeals.

The appellant grounds his claim of right upon the statute which reads as follows:

"Subject to the rights and charges hereinbefore provided, the remaining estate of which the decedent died seized shall, in the absence of a will, descend in equal shares to his children, unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the rules herein prescribed, in the same manner as though such child had outlived its parents." Code Section 3378.

The argument put forward is that the death of the daughter Julia left her child, Olvare, her only heir, and that the death of Olvare left intervener as his only heir, and that he is entitled by the terms of the cited statute to inherit as though Olvare had outlived his mother, and had become vested with the title in his lifetime.

It may be admitted that, if the question so raised had not been otherwise settled by our earlier decisions, the literal construction contended for by counsel would have the merit of plausibility, though it would be difficult to believe that such interpretation represents the legislative intent. The claim so asserted is not a novel one in this court, and has been directly or indirectly disapproved by us on numerous occasions. The case of *Leonard v. Lining*, 57 Iowa 648, is directly in point upon the issues involved; and unless we are prepared to overrule that precedent and others in which the same rule has been applied, the decree in this case must be affirmed. In the *Leonard* case, as in this, the owner of land died intestate, leaving several surviving children. He had been predeceased by another child, who left a son who also died before the death of his grandparent. The mother of the deceased grandchild, occupying the same relation to the parties as does the intervener here, and relying upon the same statute, laid claim to an interest in the property. She prevailed in the trial court, but upon appeal, she was held entitled to no part or share in the estate. It was held, following *Lash v. Lash*, 57 Iowa 88, that the statute in this respect provides for a

legal fiction or supposition, to be indulged in solely to determine the descent. No estate passes or can pass to or through the deceased child or grandchild dying before the intestate. The children and grandchildren surviving the intestate take directly from him, and not through his child or grandchild who predeceases him. To adapt the language of the *Leonard* opinion to the instant case, Olvare Quam, the grandson of Anna O. Feedan, left no estate, and hence there was nothing which his father (the intervener) under this statute could take from him; and as Olvare was dead, without issue, when his grandmother, Anna O. Feedan, died, the share which would have gone to Julia Quam, if she had survived her mother, must be distributed just as if Olvare had never had any existence.

This, as we understand the record, is the effect of the decree rendered by the trial court. We are satisfied with the essential correctness of the rule of construction in the *Leonard* case. It is also equitable in its results, and in harmony with the principles applied by us in *Schultz v. Schultz*, 183 Iowa 920; *In re Hulett's Estate*, 121 Iowa 423, 426; *McMenomy v. McMenomy*, 22 Iowa 148; *Will of Overdieck*, 50 Iowa 244.

We are not disposed to discredit the precedents quoted, or to depart from the approved construction heretofore placed upon the statute; and the decree appealed from is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.