## IN RE ESTATE OF ALBERT T. REES.

ELMER ORRIS et al., Appellants, v. H. A. WILKINSON, Administrator, et al., Appellees.

**DESCENT AND DISTRIBUTION:** Persons Entitled—Substitution of Heirs. Upon the death of an intestate parent subsequent to the death of his child, the law (Sec. 12016, Code of 1924), for the purpose of descent, *substitutes* the heirs of the predeceased child in lieu of such child. It necessarily follows that the property descending to these *substituted* heirs never in any sense becomes a part of the estate of said predeceased child.

Headnote 1: 18 C. J. pp. 828, 877, 945.

Headnote 1: 9 R. C. L. 111.

*Appeal from Madison District Court.*—J. H. APPLEGATE, Judge.

OCTOBER 25, 1927.

Proceeding in the nature of a creditor's bill, whereby the claimants ask to have their claims established against certain real estate. The district court dismissed the petition, and the plaintiffs have appealed.—*Affirmed.*

*Steele & Gallery,* for appellants.

*Phil R. Wilkinson* and *John A. Guiher,* for appellees.

Evans, C. J.—The record presents some confusion as to the real nature of the action. The claimants purport to file a petition in equity, but they file the same in a probate proceeding. Their prayer is that their "claims be established as a lien on the interest of the said estate of said Albert T. Rees in and to the said lands hereinbefore described; and that the administrator of said estate be authorized and empowered to sell said lands and apply the proceeds from said sale on plaintiffs' claims." The purport of this prayer will be the better understood upon a statement of the facts involved. The plaintiffs were creditors, respectively, of one Albert T. Rees, who died intestate December 1, 1924. The administration of his estate has been pending ever since, and the plaintiffs duly filed their claims therein. This decedent was survived by a widow and three children. On August 23, 1925, Elizabeth Jane Rees, the mother of Albert T. Rees, died intestate, leaving as her only heirs a daughter and the three children of her deceased son, Albert T. Rees. The land sought to be reached by the plaintiffs in this proceeding was that owned by Elizabeth Jane Rees at the time of her death, which passed, under the statute, one half to her surviving daughter and one half to the three children of her deceased son.

It is the contention of plaintiffs that the three children of the decedent, Albert T. Rees, took their inheritance from their grandmother, subject to the creditors' claims against the estate of their father, Albert T. Rees. The case presented by the plaintiffs involves a construction of Section 12016, Code of 1924, which is as follows:

"12016. Subject to the rights and charges hereinbefore provided, the remaining estate of which the decedent died seized shall, in the absence of a will, descend in equal shares to his children, unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the

rules herein prescribed, in the same manner as though such child had outlived its parents.''

The contention of plaintiffs is that, under the statute, the three children took from their grandmother, as heirs of their father, and that the statute charges the property in their hands with every burden which could have been charged against it in the hands of the deceased father. The necessary logical effect of this contention is to say that these grandchildren took by representation under their father, although counsel disclaim such to be their contention, in terms. Though the petition is directed against the administrator, as well as against the children, and asks equitable relief against the administrator and against the estate, and though it describes the land as being land of the estate, yet it is plain that the three children are the only defendants in interest, and that the land in question is no part of the estate of Albert T. Rees; and that the administrator, as such, has no interest therein and no control thereof. The contention for these defendants is that by the death of their father, they became legal heirs of their grandmother at the time of her subsequent death; that they took their title directly from their grandmother, and not through their father, nor through his estate; in other words, that they took by substitution, and not by representation. We have heretofore construed this statute as pointing out the method whereby the heirs of an intestate are to be ascertained, in the event that a child of the intestate's has predeceased him, leaving issue; and we have held that such issue inherits from the grandparent by substitution, and not by representation. *Leonard v. Lining,* 57 Iowa 648; *In re Estate of Hulett,* 121 Iowa 425; *Lawley v. Keyes,* 172 Iowa 575; *Boyd v. Feedan,* 192 Iowa 1036.

Under our holding in the foregoing cases, we have held that the deceased child of an intestate had no inchoate interest in the estate of his parent who survived him, and that neither by fiction nor otherwise did the property of the intestate fall into the estate of the predeceased child. The question is fully discussed in the cited cases, and we see nothing to be gained by repeating the discussion. The fiction which revives the predeceased child does so, not for the purpose of casting descent on him or upon his estate, but for the purpose of ascertaining the substitute heirs and the extent of the inheritance.

We do not overlook that a contrary view is entertained by some courts, which hold that in such a case the grandchildren take by representation from the grandparent, and not by substitution. The numerical weight of authority, however, is with the holding of our cases. The appellant puts special reliance upon the case of *Fletcher v. Wormington,* 24 Kan. 259, wherein the contrary view was held. This case in its facts has many similarities to our case of *Leonard v. Lining,* supra. To follow the Kansas case would be to overrule our own.

The district court correctly held that the heirs of Albert T. Rees took by substitution, as the heirs of their grandmother. Such holding was necessarily decisive against the plaintiffs.

The judgment below is, accordingly, affirmed.—*Affirmed.*

Stevens, Faville, Kindig, and Wagner, JJ., concur.