EARL SHEAFFER et al., Appellees, v. ROBERT JAMES SHEAFFER and ELIZABETH KUHNE RICHWINE, Guardian, Appellants; HAL SHEAFFER et al., Co-defendants (not appealing).

No. 45139.

JUNE 18, 1940.

L. D. Dennis, for appellants.

Harry L. Snakenberg and Wagner & Yoder, for appellees.

STIGER, J.—The plaintiffs in the partition suit are a child and grandchildren of O. W. Sheaffer who died intestate in 1938. The petition alleges that Carl Sheaffer, a son of O. W. Sheaffer, predeceased the intestate and was survived by his wife, May Sheaffer, a defendant, and a purported adopted son, Robert James Sheaffer; that the said Carl Sheaffer and wife executed articles of adoption in 1918 by which they intended to adopt the defendant Robert James Sheaffer; that the articles of adoption were not recorded as prescribed by law and therefore said defendant was not an heir of the intestate and could not inherit any part of his estate.

Defendants Robert James Sheaffer and his guardian filed an answer and cross-petition alleging the execution of the articles of adoption and admitting that they were not recorded as required by law. The answer and cross-petition set out facts and circumstances constituting an adoption by estoppel.

Plaintiffs filed motions to strike all of the allegations in the pleadings of defendants establishing an adoption by estoppel on the ground that the right of inheritance is statutory and in order to cast a right of inheritance upon defendant Robert James Sheaffer it was necessary that the adoption statutes be complied with and because of the failure to record the articles defendant was not the legally adopted child of Carl Sheaffer, was not his heir, and therefore could not inherit any part of the estate of O. W. Sheaffer.

The motion to strike further stated that a right of in-

heritance could not be cast upon defendant by contract and that plaintiffs, being heirs of and inheriting from O. W. Sheaffer, were not estopped from denying that defendant was the legally adopted son of Carl Sheaffer.

Robert James Sheaffer will be referred to as appellant.

I. Section 3252, 1897 Code, in force at the time the articles of adoption were executed, provided that they must be acknowledged by all the parties thereto and "shall be recorded in the recorder's office in the county where the person adopting resides, and be indexed with the name of the parent by adoption, as grantor, and the child as grantee, in its original name."

Section 3253, 1897 Code reads:

"3253. Effect. Upon the execution, acknowledgment and filing for record of such instrument, the rights, duties and relations between the parent and child by adoption shall be the same that exist by law between parent and child by lawful birth."

The right of inheritance is statutory and adoption is purely statutory and it is the well-established rule in this state that rights of inheritance are not acquired, that is, the child does not become the heir of the adopting parent, unless there is a compliance with the mandatory provisions of the adoption statutes, and the recording of the articles of adoption is essential to a statutory adoption. Tyler v. Reynolds, 53 Iowa 146, 4 N. W. 902; Morris v. Trotter, 202 Iowa 232, 210 N. W. 131.

Appellant relies on Chehak v. Battles, 133 Iowa 107, 110 N. W. 330, 8 L. R. A., N. S., 1130, 12 Ann. Cas. 140; Anderson v. Blakesly, 155 Iowa 430, 136 N. W. 210; Young v. McClannahan, 187 Iowa 1184, 175 N. W. 26; Bergman v. Carson, 226 Iowa 449, 284 N. W. 442; Vermillion v. Sikora, 227 Iowa 786, 289 N. W. 27.

In none of these cases was there a statutory adoption and they adhere to the rule that the right of inheritance cannot be conferred by contract but arises only by following the method

prescribed by the adoption statutes. As stated in Chehak v. Battles, supra [133 Iowa 107, 113, 110 N. W. 330, 333, 8 L. R. A., N. S., 1130, 12 Ann. Cas. 140]:

"Our statute having provided specifically the means whereby one sustaining no blood relation to an intestate may inherit his property, the rights of inheritance must be acquired in that manner, and can be acquired in no other way."

In the cited cases the court found the facts and circumstances established a contract to adopt according to statutory law which was acted upon by both parties and, under the equitable doctrine of an adoption by estoppel, held the child was entitled to the same share in the *estate of the adoptive parent* he would have received had such parent's promise to adopt been performed. In each case participation by the child in the estate of the adoptive parent was allowed by virtue of contract and not because of a right of inheritance.

As stated in Anderson v. Blakesly, 155 Iowa 430, 436, 136 N. W. 210, 212:

"The agreement in this case was to establish the plaintiff in a relation in which she would have the rights of a child which would include the right of inheritance. This was not done effectually, and, while the court can not execute the intent and by its judgment establish plaintiff in the legal status of a child of the foster parents, it can give to her a remedy *against the estate of the grantor in the deed of adoption* thereby affording her a measure of compensation for that of which she was deprived without fault on her part." (Italics supplied.)

In Chehak v. Battles, 133 Iowa 107, 114, 110 N. W. 330, 333, the opinion states:

"To take by inheritance one must be within the statutes relating to the succession to estates. * * * If he claims by adoption, he must show a valid execution of the instrument of adoption and compliance with the requirements of the statutes

relating to adoption. But these things being established, the succession is cast upon him arbitrarily by law; and his right to the succession depends only upon his ability to show himself within the class upon which the statute casts the inheritance."

As appellant is not an adopted son of Carl Sheaffer he cannot take by inheritance and is not entitled to participate in the estate of O. W. Sheaffer.

██ II. Section 12016, 1935 Code, section 3378, 1897 Code, reads:

"12016. Descent. to children. Subject to the rights and charges hereinbefore provided, the remaining estate of which the decedent died seized shall, in the absence of a will, descend in equal shares to his children, unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the rules herein prescribed, in the same manner as though such child had outlived its parents."

Appellant contends, under section 12016, plaintiffs inherit the share of Carl Sheaffer from him as his collateral heirs and, as Carl Sheaffer would, if living, be estopped from denying the adoption, plaintiffs, his heirs, are likewise estopped.

In Shaw v. Scott, 217 Iowa 1259, 252 N. W. 237, we held that an adoption by estoppel is binding not only on the adoptive parent but also *on his heirs.*

Appellant's construction of section 12016 is not in harmony with our decisions. If a child of an intestate has predeceased him the heirs of such child, under said section, inherit his share direct from the intestate, taking by substitution and not by representation. In re Estate of Rees, 204 Iowa 610, 215 N. W. 726; Boyd v. Feedan, 192 Iowa 1036, 185 N. W. 995; In re Hulett's Estate, 121 Iowa 423, 96 N. W. 952; Leonard v. Lining, 57 Iowa 648, 11 N. W. 623.

In Boyd v. Feedan, supra [192 Iowa 1036, 1038, 185 N. W. 995, 996], the court said:

"No estate passes or can pass to or through the deceased child or grandchild dying before the intestate. The children and grandchildren surviving the intestate take directly from him, and not through his child or grandchild who predeceases him."

Only the adoptive parents and their privies are estopped from asserting the invalidity of adoption proceedings. The defense of estoppel is not available against the plaintiffs who are not in privity with Carl Sheaffer, but inherit directly from O. W. Sheaffer. The case is affirmed.—Affirmed.

HAMILTON, C. J., and MILLER, HALE, SAGER, BLISS, and OLIVER, JJ., concur.