GRACE S. WOOSTER and GRACE S. WOOSTER, Executrix, Appellee, v. IOWA STATE TAX COMMISSION et al., Appellants.

No. 45539.

JUNE 17, 1941.

REHEARING DENIED SEPTEMBER 19, 1941.

798

John M. Rankin, Attorney General, and John E. Mulroney, Assistant Attorney General, for appellants.

Mahoney, Mackey & Roelofs, for appellee.

OLIVER, J.—This is an action in equity, brought by Grace S. Wooster individually and as executrix of the estate of Delia B. Wooster, to require the Iowa State Tax Commission to allow Grace S. Wooster, as a child adopted by estoppel, the exemption and rate of tax of a legally adopted child in computing the inheritance tax upon property passing to plaintiff under the will of said Delia B. Wooster, and by transfer from her in contemplation of death. The facts were stipulated. Shortly after her birth Grace came into the custody of an orphanage in New York, and in 1888, when she was about two years of age, was taken into the childless family of Samuel M. Wooster and Delia B. Wooster of Boone, Iowa, with whom she lived continuously until their deaths. During this time they treated her as their daughter, and until the year 1937, shortly prior to the death of Delia (who survived her husband), Grace supposed she was their natural child and at all times rendered to them the services of a daughter. No record of statutory adoption was found. "It is conceded that insofar as Delia B. Wooster or Samuel M. Wooster, or persons claiming by, through or under them are concerned, an adoption by estoppel was created" by the actions of the foster parents and child toward each other. The trial court held plaintiff to be entitled to the exemption and rate fixed for an adopted child. Decree was entered accordingly and the Iowa State Tax Commission has appealed.

The pertinent provisions of Code of Iowa 1939 are the following:

"7312.1 Individual exemptions. * * *

"3. Each son and/or daughter including legally adopted

sons and/or daughters, or illegitimate sons and/or daughters entitled to inherit under the law of this state, fifteen thousand dollars.''

''7313.   Rate of tax. * * *

''1.   When such property * * * passes * * * to any child * * * , including a legally adopted child or illegitimate child entitled to inherit under the laws of this state, the tax * * * shall be as follows: * * *.''

Was Grace S. Wooster ''a legally adopted child'' within the meaning of said statutes? We have considered the question of adoption by contract or estoppel in a number of cases, the most recent of which, Caulfield v. Noonan, 229 Iowa 955, 295 N. W. 466, was decided after this case was appealed. That case concerned the right of a child, not adopted in accordance with statutory provisions, to share in the estate of a natural son of the foster parents who had predeceased said natural son. It was contended (1) that he is the legally adopted son as truly as though every statutory provision for adoption had been fully complied with and that as an *heir* of the deceased adoptive parents he would be an heir of their natural son; (2) that if he is not a *legally adopted* son he has the *status* of a legally adopted son, because of contract or estoppel, and entitled to the property rights of a child of the foster parents in their estate and consequently he is an heir of their natural son.

The decision, written by Justice Bliss, notes the substantial similarity of numerous cases, in that in each there was an intention to adopt or to give the child property rights ordinarily accompanying a parent and child relationship; a failure in some essential respect to comply with the adoption statutes; mutual relations and conduct of the parties substantially those incident to a parental and child status; and the attempt of the child or those claiming under it to preserve or protect the property rights acquired under the relationship.

The decision cites the early leading case of Chehak v. Battles, 133 Iowa 107, 114, 110 N. W. 330, 333, 8 L. R. A., N. S., 1130, 12 Ann. Cas. 140. In said case there was a written contract for adoption which provided not only that the adopting parents should accept the rights, duties and relations of a parent to the

child but also that the same should include all the rights of inheritance by law. The adopting parents failed to sign the instrument and it was not recorded. The court held the instrument was invalid as an instrument of adoption and that the child was not an heir of the foster parents, but that she was entitled to what would have been her statutory share, as her property right under the contract. And the court said:

"The authorities upholding the right to specific performance never decree that the child is entitled to the right of inheritance as an heir. They do not undertake to change the status of either party, but merely to enforce a contract which has been fully performed on one side."

Another case cited is Lamb's Estate v. Morrow, 140 Iowa 89, 94, 117 N. W. 1118, 1120, 18 L. R. A., N. S., 226. There the state sought to levy a collateral inheritance tax against property received by the natural son of a foster daughter from the foster parent who had never adopted the foster daughter in accordance with statutory provisions. The court said the void articles could not be regarded as establishing the heirship of the son in the estate of his mother's foster parent. "* * * the matters relied upon cannot make one an heir if in fact they do not in law establish that relation."

The Caulfield case also refers to Anderson v. Blakesly, 155 Iowa 430, 136 N. W. 210, which states that the right is not one of technical inheritance which can be created by statute only, but a contract right which a court of equity would enforce. Among other cases discussed are Stiles v. Breed, 151 Iowa 86, 130 N. W. 376, and Young v. McClannahan, 187 Iowa 1184, 175 N. W. 26. The Caulfield opinion also refers to Shaw v. Scott, 217 Iowa 1259, 252 N. W. 237, a case in which there was no proof of the contents of the unrecorded adoption papers and the right to the estate of the deceased foster parents was established upon the theory of estoppel. The Caulfield opinion then continues:

"The principle which the court has sought to apply in all of these cases from Chehak v. Battles, supra, and others including Shaw v. Scott, supra, down to and including our latest deci-

sions thereon, is to do justice and equity, as far as possible to one who, though having filled the place of a natural born child, through inadvertence or fault has not been legally adopted. In such case, property recompense has been measured in the amount fixed by the statutes of descent and distribution. But we have never held in any case, including Shaw v. Scott, supra, that in so doing our decision so cured the defects in the adoption as to effect a legal adoption as though the statutory proceedings had been fully complied with. Since the matter of adoption is strictly statutory and cannot be effected by the mere agreement of the interested parties, with better reason may it be said that it cannot be effected by estoppel in pais, or by conduct. There is nothing in the later cases of Bergman v. Carson, 226 Iowa 449, 284 N. W. 442, Vermillion v. Sikora, 227 Iowa 786, 289 N. W. 27, or Sheaffer v. Sheaffer, 228 Iowa 779, 292 N. W. 789, to the contrary. In fact, the statement of Justice Stiger in Vermillion v. Sikora, supra [227 Iowa 786, 791, 289 N. W. 27, 29], that 'The doctrine of adoption by estoppel has often been considered by this court * * *' followed by the citation of Chehak v. Battles, Stiles v. Breed, Shaw v. Scott, Bergman v. Carson, all referred to herein, indicates that we have always taken the same attitude toward the matter, and that is that neither by contract nor estoppel can the child become legally adopted. * * *.''

In Sheaffer v. Sheaffer, 228 Iowa 779, 781, 292 N. W. 789, 790, Justice Stiger, speaking for the court, said:

''The right of inheritance is statutory and adoption is purely statutory and it is the well-established rule in this state that rights of inheritance are not acquired, that is, the child does not become the heir of the adopting parent, unless there is a compliance with the mandatory provisions of the adoption statutes, * * *.''

Sommers v. Doersam, 115 Ohio St. 139, 148, 152 N. E. 387, 389, states:

''The expression 'legally adopted' means in accordance with the laws of the state in force and effect at the time of the execution of the will. These matters are, of course, statutory * * *.''

Ellis v. Nevius Coal Co., 100 Kan. 187, 188, 163 P. 654, concerns the interpretation of a clause in a workman's compensation act, "children and parents include that relation by legal adoption" and states:

"The words 'legal adoption,' appearing in the last clause of the statute, signify adoption according to law, that is, according to the statute relating to adoption. * * *

"While the expression 'legal adoption' has become common, it is really tautological. The full meaning would be expressed by the single word 'adoption,' because taking a child into a family and treating it as natural offspring is not adoption. If, however, some legislative purpose must be found for qualifying the word 'adoption' by the word 'legal,' it must have been to exclude all grafting of children upon another family stock otherwise than by adoption proceedings conforming to the law governing the subject."

In re Clark, 105 Mont. 401, 74 P. 2d 401, 114 A. L. R. 496, is a case in which the court passed upon the classification for inheritance tax purposes and the rate of tax to be imposed upon property passing to a child under the will of a foster father. The child had not been formally adopted but the facts were sufficient to establish adoption by contract or estoppel. The inheritance tax statute provided a certain rate for lineal issue, lineal ancestors "or any child adopted as such in conformity with law." It was contended the child "was in legal effect 'a child adopted as such in conformity with the law.'" The decision discusses the applicable rules, quoting at length from the Iowa case of Chehak v. Battles, supra, and holds that the child was not a child adopted as such in conformity with law so as to entitle it to such classification under the inheritance tax statute.

The conclusion that Grace S. Wooster was not a legally adopted child of Delia B. Wooster appears inescapable. She did not have the status of an adopted child or any right of inheritance as such. A decree establishing her rights in the property of the deceased foster parents could not have changed her previous status to that of an adopted child. The principle involved in such equitable proceedings is property recompense measured in the amount fixed in the statutes of descent and distribution.

Appellee argues that the state is in such privity with Delia B. Wooster as to be bound by the estoppel against her. In support of this contention it is said the state allows the party to fix the status of the child and should be bound by the status so fixed by its authority. With this statement we do not agree. The state, through its legislative enactments, allows the status of an adopted child to be fixed by one method only, to wit: by statutory adoption. When such status has been thus fixed the legally adopted child becomes entitled to the exemption and classification provided by statute for property passing to a legally adopted child. Obviously, when a party fails to take the steps required by the state to effectuate a legal adoption the estoppel against said party resulting from such noncompliance with the statute does not bar the state from standing upon the facts as they actually exist in making classifications for inheritance tax purposes.

Nor do we agree that a decree establishing appellee's rights would constitute a judgment in rem determining her status which would be binding upon the taxing authorities. One reason for this is that appellee never had the status of an adopted child and the courts ''do not undertake to change the status.'' Such decree would merely establish her property rights.

Appellee points out that one of the Code sections here under consideration recites in part ''including a legally adopted child or illegitimate child entitled to inherit under the laws of this state,'' and contends the phrase ''entitled to inherit under the laws of this state'' refers not only to an illegitimate child but also to a legally adopted child, and not to the remote antecedent, ''legally adopted child.'' This contention need not be considered. Were it applicable to a ''legally adopted child'' it would afford no aid to appellee in this case. As heretofore pointed out, appellee is not entitled to *inherit* from Delia B. Wooster under the laws of this state and could take nothing from her estate *by inheritance*.

The conclusions heretofore reached require a holding that appellee is not entitled to the exemption and rate of inheritance tax of a legally adopted child. This necessitates a reversal. It is suggested by appellee that children in this situation are entitled to the sympathetic consideration of the court. To that we

fully agree. However, it is not our province to legislate. Apparently, the inheritance tax statutes now in force favor and, therefore, tend to encourage legal adoptions. Whether or not the provisions in question should be broadened to include children not legally adopted is a question for legislative determination. Upon it we express no opinion.

The cause is reversed and remanded for decree in conformity herewith.—Reversed and remanded.

All JUSTICES concur.